# Fowler, *et al. v.* Faulkner.

### Bill to Enforce Vendor's Lien.

(Decided February 1, 1917.  73 South 980.)

**Vendor and Purchaser; Vendor's Lien; Waiver.**—Where the vendor conveyed the legal title to land and received a part of the consideration in money, and was induced by the fraudulent misrepresentation of the vendee to accept alleged title notes on third party for the balance, which the vendee knew were of less value than he represented them to be, the vendor did not waive his vendor's lien by accepting such notes.

APPEAL from Cleburne Chancery Court.

Heard before Hon. W. W. WHITESIDE.

[Fowler, et al. v. Faulkner.]

Bill by W. W. Falkner against W. J. Fowler and others to enforce a vendor's lien, and for general relief. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The allegations of the bill are: That on March, 1914, complainant sold the land to Fowler for the sum of $3,150, of which $1,042 was paid in cash, and executed and delivered to Fowler a warranty deed. That at the time of said sale Fowler stated and represented to complainant that he held and was the owner of the following described promissory or title and lien notes, payable to himself and signed by B. F. Snow, E. C. Snow, and C. H. Hand: (Here follows a description of the notes, all of which amounted in the aggregate to $2,108, which was the remaining amount of the purchase money). And respondent represented that the notes were title notes retaining title to 3 acres of land and machinery located thereon, including a complete sawmill outfit, and gin outfit, ginhouse, millhouse, and dwelling house, and that all this was bound for the payment of said notes, and all was well worth $4,000, and Fowler stated and represented to complainant that by taking said notes, the remainder of the purchase money would be doubly secured, as complainant would have a lien upon the 210 acres of land for purchase money, as well as the lien on the property mentioned in the note, and that the payors of said notes were solvent. Complainant avers that at the time of said sale he was ignorant of and did not know what it took to constitute a title note, or a note retaining title to property, and that the notes above described did not retain title to any property as described in the fourth paragraph of the bill, neither were they prepared by W. B. Merrill as alleged by Fowler, and that Fowler knew at the time he made the statement about the notes that they were not true, and that he made said statement and representations falsely and fraudulently, knowing at the time that they were false, and for the purpose of defrauding complainant of his rights, Lon Richardson is averred to be in possession of the lands as tenant of Fowler. The bill offers to surrender the notes set out, and brings them into court, and offers to do equity. There is an averment of insolvency as to the makers of the notes, and an averment that this was unknown to complainant until some time in November, 1915.

W. B. MERRILL for appellant. JOHNSON & McMAHON and JONES, THOMAS & FIELD for appellee.

MAYFIELD, J.—The bill is to enforce a vendor's lien on lands sold and conveyed, and is between the original parties to the sale. It alleges a sale and conveyance of the legal title, and attempts to show that the purchase price has not been paid by alleging that on account of fraudulent representations on the part of the vendee the vendor was induced to accept notes on third parties as a part of the purchase price; that the notes so agreed to be accepted were not of the value represented to be, but were of much less value, and were known to be so by the vendee when he made the fraudulent representations as to their value, and that the representations were made for the purpose of inducing the vendor to accept them as payment; that when the vendor discovered the fraud, or soon thereafter, he tendered the notes back to the vendee and demanded the payment of the purchase price, and, the demand being refused, he filed this bill to enforce a vendor's lien as to the purchase price or the agreed or nominal value of the notes.

The vendee demurred to the bill, chiefly on the ground that the bill affirmatively showed a waiver of the vendor's lien by the vendor's accepting the notes, which were a lien on other property, in lieu of the vendor's lien which the law otherwise creates in his favor to secure the payment of the purchase price of the land. The trial court overruled the demurrer, and the vendee prosecutes this appeal.

We are of the opinion that the trial court ruled correctly, and that the bill does not on its face show a waiver of the vendor's lien, whatever may hereafter be shown by the answer or the proof. The rules of law governing cases such as that shown by the averments in this bill were well stated and decided by this court in the case of *Buford v. McCormick*, 57 Ala. 432 (the opinion quoting from other authorities), as follows: "In *Tobey v. McAllister*, 9 Wis. 463, it was ruled that 'when a party sold land, and received a part of the consideration money, and was induced to accept notes and mortgages for the balance, which were worthless, and which the purchaser knew to be so at the time of the sale, this was a fraud on the vendor, and he had a lien on the land for the purchase money.' The court, quoting from Mr. Story, said: 'The principle upon which courts of equity have proceeded in establishing this lien is that a person who has gotten the estate of another ought not in conscience, as between them, to be allowed to keep it, and not pay the full con-

[Ex Parte City of Birmingham.]

sideration.'—Sto. Eq. Ju. § 1219; *Latham v. Staples*, 46 Ala. 462;
*Hamilton v. Gilbert*, 2 Heisk. (Tenn.) 680."

The case made by the bill clearly falls within the above rules.
Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.