(77 South. 736)

McCORMICK v. BADHAM. (6 Div. 673.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

1. CORPORATIONS ⊗⟼121(7) — AGREEMENT TO SELL STOCK—DAMAGES.
Although the seller agreed to sell the stock of plaintiff buyer to a third person, and account for the stipulated price obtained, and later made a subsequent agreement with such third person rescinding the contract, plaintiff, in the absence of a showing as to what the seller would have realized by forcing the third person to perform or that the amount stipulated was realized by the sale made, could only recover the market value of the stock.

2. APPEAL AND ERROR ⊗⟼979(2)—NEW TRIAL FOR INSUFFICIENT EVIDENCE—REVIEW.
The evidence being conflicting, granting new trial for insufficient evidence will not be held error where it cannot be said that the evidence so plainly supported the verdict as to put the trial court in error.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Assumpsit by A. H. McCormick against Henry L. Badham. Judgment for defendant, and plaintiff appeals. Affirmed.

The twelfth count alleges a written contract as set out in a former report of this case in 191 Ala. 339, 67 South. 609, and avers that by said contract defendant agreed to sell plaintiff 45 shares of the stock of said company at the par value and price of $100 each, to be paid as therein specified, and that at the time of the execution of the foregoing contract defendant was the owner of 500 shares of the par value of $100 each of the capital stock of the Dorechester Lumber Company, and defendant's brother, one V. C. Badham, owned the remaining stock of said company, consisting of 500 shares, and the said Dorechester Lumber Company had entered into a contract with plaintiff for services to be rendered by plaintiff to said company for a term of; to wit, three years, which

was the contract with said company referred to in contract with defendant, and in order to induce plaintiff to enter into the services of the company defendant entered into said contract with plaintiff above set out, and plaintiff further avers that in the month of February, 1907, defendant, who then held in his possession the certificates for the said 45 shares of stock which he contracted to sell to plaintiff, informed plaintiff that he was then on trade with his said brother, V. C. Badham, to sell to him 500 shares held by him in said company, including the 45 shares sold to plaintiff at and for the price of $100,000, which was at the price of $200 per share, and defendant then asked and obtained plaintiff's consent to include the said 45 shares which defendant had sold to plaintiff in the said sale, and in consideration thereof defendant agreed with plaintiff to account to the plaintiff or to settle with plaintiff for the price of the said stock, and plaintiff avers that defendant did thereafter, and during the year 1907, close said trade for the sale of 500 shares of said stock in the said company to the said V. C. Badham at and for the price of $200 per share, and defendant was paid a large part of the purchase money therefor, and defendant failed and refused for a long time before the bringing of this suit, and still fails and refuses, to account to plaintiff and settle with plaintiff for the price of said 45 shares. Plaintiff avers that he fully performed his part of the contract with the Dorechester Lumber Company referred to in this contract, and remained with and in the service of said company for the full term of said contract, to wit, three years, and performed all the duties devolving upon him thereunder.

James A. Mitchell, of Birmingham, for appellant. Percy, Benners & Burr, of Birmingham, for appellee.

ANDERSON, C. J. [1] This is the second appeal in this cause. The first report of same will be found in 191 Ala. 339, 67 South. 609. The second trial seems to have proceeded upon count 12 of the complaint and the common counts, upon the theory of a subsequent agreement by the defendant to make a satisfactory settlement with the plaintiff for his $4,500 worth of stock if the defendant included it in the sale to V. C. Badham together with his own stock. There was judgment for the plaintiff, and the damage assessed was upon the evident basis that the stock had either been sold for or was worth $200 per share; the jury giving the plaintiff the difference between the par value, what the plaintiff owed the defendant for same, and the said sum of $200 per share, with interest up to the trial, and which was $7,693.75. The evidence did not show an agreement to pay the plaintiff $200 for the stock whether or no, or that the market value of the stock was that sum. The plaintiff

testified that defendant agreed to make a satisfactory settlement with him for his stock and that it was agreed that it would be included in the sale to V. C. Badham and that all the stock was to be sold for $200 a share. Had the defendant sold said stock, including the shares to which the plaintiff had a claim, for $200 per share, and realized the price for same, or if the defendant agreed to account to him at said valuation whether or no, the verdict would be justified under the plaintiff's contention, and which was believed by the jury. But while the jury believed the plaintiff's contention that the defendant recognized his claim to the stock and agreed to settle with him for same, there was no proof that he agreed to pay him a fixed price for same in any event, and, at most, he did not obligate himself to pay more then he was to receive under the contemplated sale, the price and terms of which were known to the plaintiff. The sale was not carried out by V. C. Badham, and the plaintiff was not entitled to recover the amount awarded by the jury upon the theory that the defendant had realized the price fixed for the stock. The undisputed evidence shows that V. C. Badham did not and could not comply with the sale, and in order to hold the defendant liable as for a fixed sum under said contract, it was incumbent upon the plaintiff to show what the defendant could have realized by forcing V. C. Badham to comply with same. There is no proof that the defendant could have realized the sum of $200 per share or any fixed sum by enforcing the contract against V. C. Badham. On the other hand, the defendant testified that V. C. Badham was not able to and did not carry out the contract, and that he made a subsequent agreement with V. C. Badham in April 1908. This was or course, in effect, a rescission of the original contract of sale, and was not binding upon the plaintiff, as it was not made with his knowledge and assent, and he was not bound by the second agreement made between the defendant and V. C. Badham. Therefore, as the proof shows that the defendant did not realize the amount of the verdict plus the amount due by plaintiff to the defendant for the purchase money of the stock, and did not establish what price the defendant could have recovered had he enforced the original contract against V. C. Badham instead of rescinding the same by the substitution of a new one in April, 1908, the plaintiff could doubtless recover from the defendant as for the market value of the stock because of the fact that the defendant in rescinding the original contract without his consent became liable to account to him for the marketable value of same in the absence of proof showing that he could have realized more had he enforced the contract against his brother V. C. Badham. The trial court seems to have taken the position that there was not sufficient

proof to establish the market value of the stock so as to support the verdict. While the price fixed in the attempted sale may have been some evidence of the market value, yet there was other evidence tending to show the assets and liabilities of the corporation, the inability and failure of the purchaser V. C. Badham to comply with the contract of sale, and all of which tended to show that the market value of the stock was not $200 per share.

[2] The trial court did not grant the motion for a new trial because there was "no evidence" of market value, but because there was "no sufficient evidence in this case as to the market value." Therefore, under the rule laid down in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, possibly the most often cited case in our reports, we cannot say that the evidence so plainly and palpably supported the verdict as to put the trial court in error for granting the new trial.

We are, of course, aware of the rule that the judgment of the trial court should be affirmed in granting a new trial if the same was justified under the record, whether the right reason was advanced for this action or not, and it may be that there were other rulings which could have justified the granting of this new trial, but which we do not now decide and will not discuss, preferring to ground this opinion upon the reason advanced by the trial court in awarding the new trial.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, GARDNER, and THOMAS, JJ., concur.