(79 South. 257)

FAULKNER v. FOWLER et al. (7 Div. 912.)

(Supreme Court of Alabama. June 6, 1918.)

1. APPEAL AND ERROR ☞1009(1)—REVIEW—FINDINGS OF CHANCERY COURT.

Chancery court's conclusion on issues of fact, reached on oral evidence taken before it, is accorded on review same effect as verdict of jury.

2. VENDOR AND PURCHASER ☞281(1)—WAIVER OF LIEN—ACCEPTANCE OF NOTES.

Where vendor accepted vendee's transfer of notes of other persons in part payment of purchase money, rebuttable presumption arose that he waived implied vendor's lien.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. VENDOR AND PURCHASER ☞281(1)—WAIVER OF LIEN—BURDEN OF PROOF.

Though burden of proof primarily rests on party who asserts waiver of vendor's lien, when act is shown presumptively establishing waiver, burden shifts to vendor to show waiver was not intended or effected, which he may do by showing a reservation.

4. VENDOR AND PURCHASER ☞281(3)—WAIVER OF LIEN—SUFFICIENCY OF EVIDENCE.

In suit to enforce vendor's lien, vendor having taken notes of third persons in part payment of purchase money, evidence *held* to sustain chancery court's conclusion that he thereby waived his implied vendor's lien.

5. VENDOR AND PURCHASER ☞266(6) — RIGHTS OF VENDOR—ACCEPTANCE OF NOTES —INSOLVENCY.

If vendor of land accepted, at his own risk, in part payment, notes of third persons, one of whom was insolvent, he can take nothing in his suit to enforce his vendor's lien, by the fact of the insolvency.

6. FIXTURES ☞21—VENDOR'S LIEN.

Such machinery as was attached to land sold, and therefore a fixture, was within effect of vendor's lien, it not appearing that through any agreement between seller and buyer the machinery was to be or remain personalty.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Judge.

Suit by W. W. Faulkner against W. J. Fowler and others. From an adverse decree, complainant appeals. Affirmed.

Johnson & McMahon, of Heflin, and Jones, Thomas & Field, of Montgomery, for appellant. W. B. Merrill, of Heflin, for appellees.

McCLELLAN, J. The sufficiency of this bill was affirmed on previous appeal from a decree overruling demurrer questioning its equity. Fowler v. Falkner, 73 South. 980. The bill was filed by Faulkner, appellant. The specific relief sought was the enforcement of a vendor's lien on 210 acres of land which the complainant sold and conveyed to W. J. Fowler on January 24, 1914. The agreed consideration for the conveyance was $3,150, $1,042 of which was paid in cash. For the balance of the purchase money Fowler transferred and assigned to Faulkner five notes, executed to Fowler by B. F. Snow, E. C. Snow, and C. H. Hand. These notes, bearing date July 15, 1913, represented annually maturing installments of purchase money that B. F. Snow owed Fowler for machinery and three acres of land, on which the machinery and some buildings were located, bought by Snow from Fowler. All of these notes concluded as follows:

"This being part of purchase money for one plant of machinery & (3) three acres more or less."

Fowler's assignment of these notes was "without recourse" on him. This feature of the assignments was in accordance with the written agreement, signed by Fowler and Faulkner on January 24, 1914, wherein it was stipulated that the transfer of the notes should be "without recourse" on Fowler.

[1] Most of the evidence bearing on the issues to be indicated was taken orally by the trial court, according to the practice established by the act approved September 22, 1915 (Gen. Acts 1915, p. 705). In such circumstances, the court's conclusion on issues of fact is accorded, on review, the same effect as the verdict of a jury, and will not be disturbed on appeal, unless it is plainly erroneous. Fitzpatrick v. Stringer, 76 South. 932, among others readily accessible. The present review is subject to the government of this rule.

[2-4] The fact is thoroughly proven that Faulkner accepted the transfer by Fowler of the Snow notes in part payment of the purchase money, whereupon the rebuttable presumption arose that he, the vendor, had waived the vendor's lien which, if not waived or surrendered, the law raises by implication. Kyle v. Bellenger, 79 Ala. 516; Jackson v. Stanley, 87 Ala. 270, 6 South. 193. While the burden of proof is, primarily, on him who asserts the waiver of a vendor's lien, yet when an act is shown which presumptively establishes a waiver of the lien, the burden shifts to the vendor to show that a waiver was not intended or effected, and this he may do by showing that there was a reservation which averted the waiver. Spears v. Taylor, 149 Ala. 180, 42 South. 1016, 13 Ann. Cas. 867. The complainant (appellant), his wife, and daughter testified that it was agreed between complainant and Fowler that the land conveyed by Faulkner "should stand good" for any unpaid balance of the purchase money; and the argument is that the thus summarized effect of the agreement between the parties was to negative the presumption of waiver consequent upon the acceptance by Faulkner of Fowler's notes from Snow and others. This evidence was contradicted, as to some of the occasions when the asserted agreement was stated by the vendee, and otherwise in their effects, by the testimony of the vendee's son, Fred Fowler, of Jeff Howle and of J. M. White, the justice who took the acknowledgment of Faulkner and wife to the conveyance. Fowler, the vendee, was adjudged insane some months after the sale of the land, and was not examined as a witness. The parties had prepared, on January 24, 1914, a writing that purported to set forth their contract. No reference to the reservation the complainant asserts was made therein. The circumstance is, we think, of important evidential value on the particular issue indicated. It is, at least, not probable that so important a matter as the reservation of the vendor's lien would have been omitted from this writing, especially when it is noted that the Snow notes were to be and were transferred "without recourse"; and it was known to the vendor that the

signators E. C. Snow and C. H. Hand added little, if anything, to the security of the notes transferred by the vendee to the vendor. If the vendor then attached the importance he later avowed to the security of a reserved lien on the land he was conveying, it is most remarkable that he suffered its omission from the paper to which he, with his vendee, affixed his signature on January 24, 1914. The trial court had the benefit and advantage of hearing and observing all these witnesses, excepting the daughter of complainant. It cannot be here affirmed that in the state of the issue and the whole evidence presented—the burden of proof having shifted to the complaining vendor to rebut the prima facie presumption of waiver—the conclusion attained below was plainly erroneous. The solution of the issue largely depended upon the credibility to be accorded the witnesses who testified to facts and circumstances bearing thereon, and in discharging its duty in this regard the trial court had, as stated, the opportunity of observation of the witnesses that the written record does not afford this court.

[5] The amended bill contains extended averments of fraud alleged to have been practiced upon the complainant (vendor) by the vendee, Fowler, the substance of which are that the vendee, who was the vendor's friend and neighbor and in whom the vendor had perfect confidence, falsely and with fraudulent purpose represented to the complainant that B. F. Snow was solvent; that the notes signed by him were good; that they were secured by a vendor's lien on the 3-acre lot and the plant thereon; that they were drawn by an attorney in whom the vendor had great confidence; and that the reasonable value of the lot and plant was $4,000. The averments of the bill negative the truth of all of these alleged representations and aver that the vendee knew of B. F. Snow's insolvency at the time (January 24, 1914); that the mentioned attorney did not write the notes in question; that no lien existed to secure their payment; and that the value of the lot and plant was only $1,000, a fact known to the vendee. The complainant offered evidence the effect of which was to support these charges. The respondent presented evidence to the contrary. It was open to the court to conclude from the whole evidence that the vendor engaged to take the notes "at his own risk," and that he so accepted the notes, indorsed "without recourse" on the vendee. Under the rule of review before stated, it cannot be here held that this conclusion was was laid in error. With this conclusion accepted, it is manifest that the complainant could take nothing by the fact (if so assumed) that B. F. Snow was, in fact, insolvent. It is not shown, with any degree of satisfaction, that the vendee knew of B. F. Snow's insolvency, even if such was in fact the

case. As to the value of the lot and plant on January 24, 1914, the evidence is conflicting. There was credible testimony to the effect that the lot and plant were, at the time, worth about $2,000. Apart from this state of the proof on the matter of value, there was testimony that the vendor himself inspected the lot and plant, and thereupon assumed to form his own opinion of the value thereof. So, too, the evidence was in conflict with respect to the drafting of the notes by the particular attorney; the evidence for the respondent being to the effect that the vendee's statement was that the notes were in the form therefor prepared by the named attorney. In view of the rule of review before stated, it cannot be here affirmed that a conclusion against the complainant's contention was erroneously attainable.

[6] The Snow notes to Fowler recited that they were given for "purchase money for one plant of machinery & (3) three acres of land, more or less." There is nothing to indicate that the vendor's lien in Fowler's favor on the land, raised by implication of law, was waived or relinquished in any way. Such machinery as was attached to the land—a fixture thereto—was within the effect of the vendor's lien in favor of Fowler; it not appearing that through any agreement between Snow and Fowler the machinery was to be or remain personalty.

No exceptions to rulings on the admission or rejection of evidence were so reserved in the trial court as to invoke review in this court.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.