(86 South. 548)
**GRAY v. HANDY. (3 Div. 452.)**

(Supreme Court of Alabama. June 17, 1920. Rehearing Denied Oct. 21, 1920.)

**1. Appeal and error ⬅1024(4)—Finding of court on conflicting evidence has, on motion to set aside judgment, the force of a verdict.**

Finding of trial court, as to service of summons and complaint on conflicting evidence, on motion to have judgment set aside under the four-month statute (Code 1907, § 5372), has the force of a verdict of a jury.

**2. Judgment ⬅103—Court required to enter judgment on failure of defendant to appear on proof of damages.**

If defendant on being served with summons and complaint did not appear, there was nothing for the court to do on the call of the docket except to enter judgment for plaintiff on proof of damages.

**3. Judgment ⬅162(2)—Defendant moving to set aside judgment must prove want of actual notice, where return shows service.**

Where sheriff's return shows personal service of process on defendant, defendant, on motion to set aside judgment, under Code 1907, § 5372, on the ground that he had no knowledge or notice of the pendency of his suit at the time of the entry of a judgment by default, has the burden of proving such fact by evidence reasonably satisfying the court that he had no such notice or knowledge.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Ejectment suit, in which Carrie S. H. Handy was the plaintiff and T. J. Gray the defendant. There was a judgment for plaintiff, and from a judgment denying defendant's motion to set aside the judgment, he appeals. Affirmed.

L. A. Sanderson and Holloway & Hill, all of Montgomery, for appellant.

No presumption is indulged in favor of the judgment of the trial court. Section 2846, Code 1907, as amended by Acts 1915, p. 722. Section 5372 of the Code affords a less expensive remedy than is afforded by an equitable proceeding for the same purpose. 71 Ala. 195. The petitioner is not put to full proof of the facts. 60 Ala. 268. There was a meritorious defense, sufficient to set aside the judgment. 64 Ala. 162.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

Section 2846 as amended does not change the rule declared in Cobb v. Malone and the long line of cases following it. 81 South. 470; 202 Ala. 317, 80 South. 399; 201 Ala. 545, 78 South. 899; 199 Ala. 388, 74 South. 380. The burden rested upon the movant to reasonably satisfy the court that he had no notice or knowledge of the suit. 191 Ala. 287, 68 South. 51; 197 Ala. 690, 73 South. 379. The presumption is that the sheriff's return was correct. 110 Ala. 487, 18 South. 268; 191 Ala. 287, 68 South. 51; 196 Ala. 302, 71 South. 692; 201 Ala. 13, 75 South. 304.

THOMAS, J. The appeal was from a judgment of the circuit court denying appellant's petition under the four-month statute to set aside a judgment by default.

The judgment was rendered on May 31, 1919, and appellant's petition was filed on July 23, 1919. The lack of service of the original summons and complaint was averred, or the lack of notice of the pendency of said cause, and that petitioner had a meritorious defense to the action in question. On the hearing of the petition the witnesses for both sides were examined orally before the court.

[1] A question of conflict as to service of the original summons and complaint is presented. The decision rested upon the ascertainment of a question of fact. The trial court, or its presiding judge, had the benefit of observing the manner and demeanor of the respective witnesses and the better opportunity to pass upon the credibility of the testimony. The finding, denying the motion, has the force of a verdict of a jury. Ray v. Watkins, 203 Ala. 683, 85 South. 25; Bowling v. State, 85 South. 500;[1] Connors-Weyman Steel

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 405.

Co. v. Harless, 202 Ala. 317, 80 South. 399, 400; City of Mobile v. Rush, 202 Ala. 628, 81 South. 570. This rule has been applied in chancery cases, where the testimony was taken orally before the court (Andrews v. Grey, 74 South. 62 [2]), and on motions for new trial in equity (Ray v. Watkins, supra). The Act of 1915 (page 722) does not change the rule of Cobb v. Malone, 92 Ala. 630, 9 South. 738, where the trial is had upon evidence ore tenus, or partly so. Caravella Shoe Co. v. Hubbard, 201 Ala. 545, 78 South. 899; Hatfield v. Riley, 74 South. 380; [3] Price v. Price, 74 South. 381; [4] Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932; Faulkner v. Fowler, 201 Ala. 685, 79 South. 257.

[2] The instant proceeding, however, is not under the act of 1915 (page 722) for the granting or refusal of a new trial, but under the four-month statute (section 5372, Code). In Eminent Household, etc., v. Lockerd, 80 South. 412,[5] the latter statute was said to be "in the nature of a declaration of facts upon which the petitioner predicates his claim for relief," rather than an exercise of the plenary power of the court to set aside its own judgments for proper cause shown within 30 days from the rendition thereof or on motion as provided by statute (Acts 1915, p. 708, § 3); that on a motion under Code, § 5372, it is the duty of the court to see "that the substantive law is enforced, and one requirement of that law, based upon sound policy, is that parties impleaded must be diligent in the assertion of their rights." If there was service of process as shown by the sheriff's return and by the oral evidence for appellee in the present case, there was nothing for the court to do on the call of the docket except to enter judgment, whether by default or nil dicit was of no consequence. It was the duty of the defendant, or, if he had employed same, one of his counsel, to know when his case would be called for trial, and to attend at such time with his defense, or cause for continuance, and to urge the same to the court. When the judgment was moved for on the default of the defendant, no course was open to the court but to render judgment as was done on the proof of the amount of damages being made to the court.

[3] Under the issue of the lack of due notice, where the return of the sheriff shows personal service, the burden of proof was upon petitioner to establish the fact of his failure of knowledge or notice of the pendency of the suit before and at the time of the taking of the judgment by default, by evidence reasonably satisfying the court that he had no such knowledge or notice, so as to give the court jurisdiction to render the judgment against him. Adams v. Walsh, 200 Ala. 140, 75 South. 888; Waldrom v. Waldrom, 76 Ala. 285; Dunklin v. Wilson, 64 Ala. 162. In Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 South. 97, 99, Code, § 5372, was up for construction, though it was declared that trial courts retain control of their journals during the term or for the period specified by statute, and that a court of equity will enjoin a judgment which purports to have been rendered by default (1) on timely application therefor and averment and proof that the defendant was not served with process; (2) that defendant has a good and meritorious defense available to him in a court of law; and (3) that he will be able to prove on another trial. National Fertz. Co. v. Hinson, 103 Ala. 532, 537, 15 South. 844; Rice v. Tobias, 89 Ala. 214, 7 South. 765; McDonald v. Cawhorn, 152 Ala. 357, 44 South. 395; Fields v. Henderson, 161 Ala. 534, 50 South. 56; Raisin Fertz. Co. v. McKenna, 114 Ala. 274, 21 South. 816; Gill v. More, 200 Ala. 511, 76 South. 453, 458; Dunklin v. Wilson, 64 Ala. 162; 6 Pom. Eq. Jur., §§ 658, 663.

We are of opinion that no reversible error was committed on the refusal to set aside and declare the judgment in question null and void, and to grant a rehearing under the provision of Code, § 5372.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.