(88 South. 667)

## CHRISTIE v. DURDEN. (2 Div. 759.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Appeal and error** ⊂⊃1008(1)—**Finding of court ore tenus equivalent to verdict of jury.**

Finding of facts by trial court on testimony given ore tenus on a trial without a jury is equivalent to the verdict of a jury.

2. **Money received** ⊂⊃1—**Based on theory that one person shall not be enriched at expense of another.**

An action for money had and received is based upon the theory that one person shall not unjustly be enriched at the expense of the other, and is equitable in nature, and lies wherever one has received and holds money which in good conscience belongs to another, or where one wrongfully converts the property of another and the tort is waived and recovery is desired of proceeds arising from such conversion.

3. **Money received** ⊂⊃1—**Law implies promise to pay money belonging to another.**

The law implies a promise to pay whenever one person has and withholds money belonging to another which in equity and good conscience he has not the right to retain from such other person.

4. **Joint adventures** ⊂⊃1—**Contractual rights held sufficient consideration for agreement.**

An agreement whereby defendant paid the purchase price of land for resale with division of profits with plaintiff was supported by a sufficient consideration where plaintiffs had a contractual property right with the vendor which they surrendered to defendant and which had an actual monetary value capable of measurement.

5. **Contracts** ⊂⊃50—**Nature of consideration stated.**

A consideration sufficiently exists or is implied if it arises from any act of the plaintiff from which the defendant or a third party at defendant's instance derived a pecuniary benefit, if such act is performed by the plaintiff to the desired end, with expressed or implied assent of the defendant, since that which creates and carries a benefit to the party promising, or causes trouble, injury, inconvenience, prejudice, or detriment to the other party, is a sufficient consideration to uphold a promise.

6. **Frauds, statute of** ⊂⊃49—**Statute held not to apply to agreement capable of performance within a year.**

The statute of frauds does not apply to an agreement concerning purchase and sale of land and division of profits which is capable of performance within a year.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action by Claude Durden against E. C. Christie. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

A. M. Pitts, of Selma, for appellant.

The action as brought and the facts as testified to did not authorize the judgment rendered. 145 Ala. 676. The appellant proved his plea of statute of frauds and was entitled to a judgment.

Keith & Wilkinson, of Selma, for appellee.

Plaintiff could waive the tort and bring the action for money had and received. 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205; 127 Ala. 279, 28 South. 476; 149 Ala. 196, 42 South. 867. From the facts in this case the law implies a promise to pay. 36 Ala. 666, and authorities supra. There was a sufficient consideration. 54 Ala. 246; 57 Ala. 165; 67 Ala. 360; 78 Ala. 347. The statute applies only to those agreements which do not permit of performance within a year, and the facts in this case take it without the statute. 203 Ala. 14, 81 South. 682; 100 Ala. 430; 14 South. 281; 76 Ala. 351; 71 Ala. 202; 69 Ala. 354.

THOMAS, J. [1] The trial was had before the trial judge, without a jury, on testimony given ore tenus, and judgment was rendered for plaintiff. The assignment of error was "in rendering the judgment in behalf of the appellee in this case."

The trial court had the witnesses before it and the opportunity to observe their demeanor in testifying, and its finding of facts is equivalent to the verdict of a jury. Gray v. Handy, 204 Ala. 559, 86 South. 548; Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 54; Ray v. Watkins, 203 Ala. 683, 85 South. 25; Hackett v. Cash, 196 Ala. 403, 72 South. 52; Andrews v. Grey, 199 Ala. 152, 74 South. 62; Clifford v. Montgomery, 202 Ala. 609, 81 South. 551.

Appellee and one Dyer each instituted separate suits against E. C. Christie for $250. Both suits are before this court for review from a judgment rendered in favor of the respective plaintiffs. The two separate appeals are predicated on like assignments of error. The respective cases were tried on count 1, in Code form, for money had and received by defendant for the use of plaintiff; and an amended count claiming that in, to wit, October, 1919, plaintiff and one Dyer and the defendant bought from Col. Mallory 125.2 acres of land in the county where said suits were brought. It was averred that the defendant paid the purchase price therefor, of $1,260, and took the title to the land "in his own name for convenience, and in order to save the expense of drafting other papers"; it being "further agreed between the said parties that the said land should thereafter be sold at a price satisfactory to them, and that the profits derived therefrom should be equally divided" between the said plaintiff,

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

one Dyer, and the defendant. It is further averred:

"That the said lands were sold with the consent and concurrence of said parties, to one J. H. Johnson, on, to wit, in the month of January, 1920, at and for the sum of $2,000 in cash, paid to the said defendant, and that a profit of $740 was realized from said sale; * * * that, although he [plaintiff] has complied with all provisions of the said contract on his part, the defendant has failed and refused to this date to pay over to the plaintiff his interest or share in said profits or any part thereof, wherefore this suit."

Demurrer being overruled to the counts as last amended, defendants pleaded in short by consent, the general issue, statute of frauds, no consideration, and failure of consideration.

[2, 3] When all the evidence is considered, it is apparent that the separate suits were not by partners for the recovery of partnership moneys, but were prosecuted by two parties jointly interested in the profits to be derived from the sale of lands (Saunders v. McDonough, 191 Ala. 119, 67 South. 591; Id. 201 Ala. 321, 78 South. 100); and the action for money had and received is based upon the theory that one person shall not unjustly be enriched at the expense of the other, and is equitable in nature. That is to say, the action lies wherever one has received and holds money which in good conscience belongs to another, or where one wrongfully converts the property of another the tort may be waived and an action brought for the proceeds arising from such conversion. Young v. Garber, 149 Ala. 196, 42 South. 867; Rushton v. Davis, 127 Ala. 279, 288, 28 South. 476; Ill. L. I. Co. v. Jaffe, 145 Ala. 676, 40 South. 47; Ward v. Hood, 124 Ala. 570, 27 South. 245, 82 Am. St. Rep. 205; Brooks v. Greil Bros., 179 Ala. 459, 60 South. 387; King v. Martin, 67 Ala. 177; P. & M. I. Co. v. Tunstall, 72 Ala. 142; U. S. C. I., P. & F. Co. v. Bailey, 194 Ala. 261, 69 South. 825. The law implies a promise to pay whenever one person has and withholds money belonging to another which in equity and good conscience he has not the right to retain from such other person. Rushton v. Davis, supra; Overstreet v. Nunn, 36 Ala. 666; Potts v. First Nat. Bank, 102 Ala. 286, 14 South. 663.

[4, 5] As to defendants' insistence that there was no consideration for the agreement, if it existed, it is sufficient to say that respective plaintiffs had a contractual property right with Col. Mallory which they surrendered to defendant and which had an actual monetary value capable of measurement at the time of the respective contracts in question. McCormick v. Badham, 201 Ala. 210, 77 South. 736; Id., 204 Ala. 2, 85 South. 401. A consideration sufficiently exists or is implied if it arises from any act of the plaintiff from which the defendant or a third party at defendant's instance derived a pecuniary benefit, if such act is performed by the plaintiff to the desired end, with expressed or implied assent of the defendant. Henry v. Murphy & Co., 54 Ala. 246; Pullman Co. v. Meyer, 195 Ala. 397, 70 South. 763; Ala. City, G. & A. Ry. Co. v. Kyle, 202 Ala. 552, 81 South. 54. A promise was held a good consideration to support another promise in Evans v. C., S. & M. Ry. Co., 78 Ala. 341, 346. That is to say, that which creates and carries a benefit to the party promising, or causes trouble, injury, inconvenience, prejudice, or detriment to the other party, is a sufficient consideration to uphold a promise. Holt v. Agnew, 67 Ala. 360; Hixon v. Hetherington, 57 Ala. 165.

[6] It is further insisted that the contract relating to the sale of real property was not averred to have been in writing, and was subject to the statute of frauds. It is true that it is not shown by the evidence when the agreement relative to a resale of the property and a division of the profits between the parties was to be made, but it was capable of performance within a year, and the evidence shows that the conveyance of the property by Col. Mallory to defendant and its resale by the latter was within a year from the making of the contract on which the suit is based, and was not, therefore, within the statute of frauds. The statute applies only to those agreements which by their terms do not permit of performance —"not to be performed within one year from the making thereof." Derrick v. Brown, 66 Ala. 162; Heflin v. Milton, 69 Ala. 354; Formby v. Williams, 203 Ala. 14, 81 South. 682; Shakespeare v. Alba, 76 Ala. 351; Gordon, Rankin & Co. v. Tweedy, 71 Ala. 202; Lagerfelt v. McKie, 100 Ala. 430, 14 South. 281; Code 1907, § 4289, subd. 1; Browne on Stat. of Frauds (5th Ed.) §§ 275–277, 279; 1 Williston on Contr. § 953.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.