(92 South. 170)
**SNYDER et al. v. STATE ex rel. ELMORE, City Atty. (3 Div. 534.)**

(Supreme Court of Alabama. Jan. 19, 1922.)

1. **Appeal and error** ⟂1008(1)—**Finding of court on testimony ore tenus equivalent to jury's verdict.**

Finding of facts by the trial court on testimony ore tenus is equivalent to a verdict.

2. **Intoxicating liquors** ⟂253 — **Finding of ownership of automobile transporting liquor on conflicting evidence not disturbed on appeal.**

In a proceeding to condemn an automobile under Gen. Acts 1919, p. 13, § 13, for illegal transportation of liquor, in which S. was defendant and C. filed claim of ownership, the evidence being conflicting, the finding of the trial court that C.'s claim of ownership was not sustained by the evidence will not be disturbed on appeal.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by the State of Alabama, on the relation of Ludlow Elmore, City Attorney for the City of Montgomery, against W. Snyder, for the condemnation of a Buick automobile, because used in transporting prohibited liquor, with claim thereto interposed by Sam Cohen. From a decree condemning the automobile, claimant appeals. Affirmed.

Mark D. Brainerd, of Montgomery, for appellant.

The court erred in the judgment rendered. 203 Ala. 90, 82 South. 104.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a petition to have condemned, forfeited, and sold a five pas-

senger, 1916 model, Buick automobile, under section 13 of General Act 1919, p. 13. W. Snyder is the defendant; and Sam Cohen files claim of ownership. The defendant and claimant reside in Columbus, Ga.

The defendant transported or conveyed in the automobile from a point, near the Georgia line, in Alabama to Montgomery, 50 gallons of corn whisky in five kegs of 10 gallons each for an unlawful purpose. The whisky and automobile were seized by the officers of the law and the defendant was arrested in Montgomery.

[1] The testimony was in open court before the presiding judge. He saw the witnesses, heard them testify, could observe their demeanor, and the finding of facts by the court is equivalent to the verdict of a jury when the testimony is ore tenus. Christie v. Durden, 205 Ala. 571, 88 South. 667; Gray v. Handy, 204 Ala. 559, 86 South. 548.

[2] The evidence is in conflict as to the ownership of the automobile. There is evidence that it belonged to the claimant, and that he had no notice, actual or constructive, that it would be used for transporting or conveying whisky in Alabama for an unlawful purpose. There are strong and pointed facts and circumstances indicating that the automobile was the property of the defendant. The trial court held: "That the claim of ownership filed by Sam Cohen is not sustained by the evidence."

There was sufficient evidence to support this finding of fact by the court. We cannot declare from the record that the trial court was clearly wrong. After reading the testimony, we are convinced that the conclusion of the court is correct, and its decree, condemning the automobile, ordering it forfeited to the state and sold, will be affirmed. Gen. Acts 1919, p. 13, sec. 13.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.