(93 South. 832)

## ELLIS v. JONES. (6 Div. 571.)

(Supreme Court of Alabama. June 22, 1922.)

**1. Infants ☞19—Juvenile court, and circuit court on appeal, in determining custody of child, must be guided by its welfare.**

The juvenile court, in determining the custody, care, control, supervision, etc., of a child, under Acts 1919, p. 129, § 5, and the circuit court on appeal, under section 25, must be guided by the welfare of the child.

**2. Infants ☞19—Court held not to have erred in awarding custody of 13 year old girl to uncle as against aunt with whom she was living.**

Where the father of a 13 year old girl, whose mother was dead, wanted his brother and brother's wife to have the custody and control of the girl, and the brother and his wife wanted the girl, had no children of their own, were amply able to care for her, could give her a religious and healthy home, with schools and churches in proximity thereto, and where the girl's aunt, with whom the girl was living, had five or six children, had a small home, was of limited means, and was not conveniently located to a church or school, the action of the court in awarding the custody and control of the girl to the father's brother and his wife, in a proceeding therefor under Gen. Acts 1919, p. 128, held not error.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition by John Jones against Mary Ellis for custody of child under the age of 14 years. From a decree committing the care and custody of the child to the petitioner, the respondent appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel argue for error in the decree, but without citation of authority.

Palmer H. Bell, of Birmingham, for appellee.

Brief of counsel did not reach Reporter.

MILLER, J. This is a petition for the custody and control of a girl under 14 years of age, under act approved February 19, 1919 (Gen. Acts 1919, p. 128), and that she be declared a ward of the state. The petition was filed in the juvenile court of Jefferson county, Ala., under said act, by T. J. Jones, the uncle of the girl, Dessie Jones, and against Mary Ellis, the aunt, in whose custody she was at that time. The petition contained averments sufficient to give the court jurisdiction to hear and determine the cause. Its sufficiency was not questioned in the court. The juvenile court, on hearing the case, declared Dessie Jones was a dependent child, and gave the care and custody of her to the petitioner, T. J. Jones, until further orders

of the court. From this judgment of the court, on the same day it was rendered, Mrs, Mary Ellis, the aunt, appealed, as allowed and in the manner provided by section 25 of the Acts of 1919, p. 128, to the circuit court, equity jurisdiction, Bessemer division of the county. This circuit court, in equity, heard the cause, and declared the judgment of the juvenile court was correct, and decreed that the care and custody of Dessie Jones be given to T. J. Jones, the petitioner, until further orders by a court of competent jurisdiction. From this.decree, Mrs. Mary Ellis, aunt of Dessie Jones, appeals to this court, and assigns it as error.

[1] Section 5 of the Acts of 1919, p. 128, provides that this juvenile court "shall have power under the terms of this act to determine the question of the dependency, neglect or delinquency of any child or children, in such counties, and when so adjudicated to declare such children to be, for the purpose of this act, wards of the state, and to make and enter such judgment or orders for their custody, discipline, supervision, care, protection and guardianship, as in the judgment of the court will be for the welfare and best interests of such child or children." This juvenile court, in providing for the custody, care, control, supervision, etc., of the child, must be guided by her welfare and her best interest. The welfare and best interest of the child must govern, guide, and control the court in determining the custody, care, control, supervision, etc., of the child.

Section 25 of this act (Gen. Acts 1919, p. 128) provides that the circuit court in equity upon appeal "shall try said case de novo, and shall proceed under and in pursuance of the intent and terms of this act to render such judgment as to it shall seem just, and to be for the best interest of society, and for the welfare of such child." The court of equity must try the case de novo. In hearing the cause and rendering its decree it must proceed under and in pursuance of the intent and terms of the act, and render such decree as seems just to it under the testimony, and the court must also look to and be guided in reaching its conclusion by the best interest of society and the welfare of the child. Section 25, Gen. Acts 1919, p. 128.

[2] This child, Dessie Jones, was 13 years old. Her father was living and her mother was dead. Her father wished his brother, the petitioner, and his wife, to have the custody and control of the girl. The petitioner, T. J. Jones, and his wife, wanted her. They had no children; they were amply able to care for her; it was a religious and healthy home, and there was ample room in it for her. Schools and churches were near them. It was a good neighborhood. The aunt, Mrs. Ellis, was married, she and her husband wished to continue in custody and control

of Dessie. They had five or six children; their home was small; their means were not ample; three or four of the girl children occupied the same room with Dessie. They were not conveniently located to a church or school. There was sufficient evidence for the court to find that she was a "dependent child," as defined by section 2 of the Acts of 1919, p. 128. The court saw and heard all the witnesses testify. It is useless for us to recite in this opinion any more of the substance of the evidence. It is sufficient to state the great weight of the evidence sustains the decree of the court. It appears to us that the court, in giving by the decree the care and cusody of the child to T. J. Jones, the petitioner, and in concurring in the judgment of the juvenile court, was guided and governed by the best interest and real welfare of the child, the best interest of society, and proceeded under and in pursuance of the intent and terms of the juvenile act (Gen. Acts 1919, p. 128).

Its judgment and decree, based on the oral testimony of the witnesses, appears to us to be just and right and for the best interest and welfare of the child, and it will not be disturbed. Christie v. Durden, 205 Ala. 571, headnote 1, 88 South. 667; Gray v. Handy, 204 Ala. 559, headnote 1, 86 South. 548; Andrews v. Grey, 199 Ala. 152, 74 South. 62, headnote 1.

No error appearing in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.