Default judgments were entered against defendants Keith Roberts and Huntsville Plating, Inc. The trial court denied the motion by Roberts to set aside the default judgments, and this appeal followed. The question presented for review is whether the trial court abused its discretion in failing *Page 525 
to set aside the default judgments. We hold that it did not and affirm.
The record shows that this case was called for trial before the Honorable Daniel B. Banks, Jr., in the Circuit Court of Madison County on January 25, 1982. The trial court's order reads in part:
 "This cause being duly scheduled for trial and notice of same having been given to the parties and/or their attorneys and the case being called for trial . . . [t]he plaintiff announces ready for trial as to the claim of the plaintiff against the defendants, Huntsville Plating and Keith Roberts. Thereupon, the Honorable Kenan Timberlake withdraws as attorney of record for said defendants. No one appearing to represent said defendants, the Court orders that a default be and the same is hereby entered on the claim of the plaintiff, David D. Wettlin, against the defendants, Huntsville Plating and Keith Roberts. Thereupon the defendant, United Plating Company, Inc., announces ready for trial on its counterclaim or cross-claim against the defendants, Huntsville Plating and Keith Roberts. No one appearing to represent said defendants, it is ORDERED that default be and the same is hereby entered in favor of United Plating Company, Inc., and against the defendants, Huntsville Plating and Keith Roberts, on the counterclaim or crossclaim of the defendant and counterelaimant, United Plating Company, Inc."
Final judgments were entered on January 28, 1982, and Roberts's motion to set aside the default judgment was denied.
Roberts asserts three reasons requiring reversal by this Court. First, he contends that there was an agreement under specified terms to settle the case which relieved him of the duty to appear and comply with the agreement or defend. Next, he claims that the entry of default was erroneous because his lawyer withdrew from representation after appearing at trial ready to defend his case. Finally, Roberts contends it was his understanding that the crossclaim was not set for trial on January 25, 1982.
The facts surrounding the settlement agreement between Roberts and plaintiff's attorney, Mr. King, are in dispute. It is clear from the record, however, that Mr. King asked Roberts's attorney, Mr. Timberlake, if he had the settlement check at 9:00 a.m. on January 25, prior to the case being called for trial. Timberlake stated that he did not, but he was sure it could be obtained through the First Alabama Bank. Timberlake contacted the bank and was told that no arrangements had been made, and that it would take a minimum of 24 hours to transfer funds from an out-of-state bank. This was related to plaintiff's attorney, who advised Timberlake that he considered that this "blew" the settlement.
At this point the judge advised Mr. Timberlake to be prepared to try the case at 1:30 p.m. Timberlake stated that he attempted to contact Roberts at the only telephone number which he had for him and could not reach him. The following dialogue occurred as court convened at 1:30 p.m.:
 "THE COURT: Let the record show that this case was duly scheduled for trial and the parties are present before the Court, or at least the respective attorneys are present.
"Does the plaintiff announce ready for trial?
"MR. KING: Yes, Sir.
 "THE COURT: I understand that this case is settled insofar as it relates to United Plating.
"MR. KING: Yes, Sir.
"THE COURT: Their attorneys are present?
"MR. LEE: Yes, Sir.
"MR. MORRIS: There is still a cross-claim, Judge.
 "THE COURT: You have a claim against Huntsville Plating and Keith Roberts. Mr. Timberlake, you have been representing him. It is my understanding that you no longer represent him.
 "MR. TIMBERLAKE: Judge, Mr. Roberts and I talked Friday night and he told me that he had talked to Mr. King before *Page 526 
I talked to him and Mr. Roberts told me that he and Mr. King had settled the case on the basis that he would have the money here. He hasn't been in touch with me. I haven't heard anything from him.
 "THE COURT: The case is set for trial. Are you ready to proceed?
 "MR. TIMBERLAKE: Mr. Roberts has been notified that the case would be tried today if it wasn't settled.
"THE COURT: Are you withdrawing?
"MR. TIMBERLAKE: Yes, Sir.
"MR. KING: Does that also apply to the cross-claim?
 "MR. TIMBERLAKE: Are you talking about the third party complaint?
"MR. KING: Yes.
"MR. TIMBERLAKE: I withdraw on that, too.
 "THE COURT: Is there anybody here on behalf of Keith Roberts or Huntsville Plating? Let the record show that a default is entered in favor of the plaintiff and against the defendant[s] Huntsville Plating and Keith Roberts.
 "Mr. King, you will have leave to submit to the Court testimony to substantiate your claim for damages against those two defendants.
"MR. KING: Yes, Sir.
"MR. LEE: May we have a default on the cross-claim?
 "THE COURT: Yes, with leave on your part to submit testimony to substantiate that claim, or evidence to substantiate that claim. I would prefer that it be done by affidavit, quite frankly.
 "Mr. King, if you would, prepare an affidavit in accordance with the rules of civil procedure and send it to this Court under oath and I will enter the appropriate Order."
Judge Banks, in refusing to set aside the default judgments, considered affidavits from both Roberts and Timberlake concerning the disputed facts as to the settlement agreement and the alleged severance of the cross-claim. Further, the record indicates that Judge Banks was aware of the January 20 settlement conference and would have knowledge of any severance of the cross-claim from the original claim. A hearing was afforded defendants and, all things considered, the trial court denied the motion to set aside the default judgments. It is well established that if the defendant is properly within the jurisdiction of the court, and if he has notice of the trial date and does not appear and defend, the court has no choice but to enter judgment for the plaintiff. Gray v. Handy,204 Ala. 559, 86 So. 548 (1920); Wonder v. Southbound Records,Inc., 364 So.2d 1173 (Ala. 1978). We find no abuse of discretion.
We also find no error by the trial court in allowing Mr. Timberlake to withdraw as attorney for the defendants in this case. The circumstances found Mr. Timberlake with no client and no settlement proceeds as trial convened at 1:30 p.m. His client was informed of the trial date and knew that, absent settlement, they would proceed with trial. Timberlake had made efforts to contact his client for instructions or information regarding the settlement proceeds, without success.
The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly abused such discretion. Elliott v. Stephens, 399 So.2d 240 (Ala. 1981). After a careful review of the record we find no such abuse. Further, a defaulting party seeking to have a default judgment set aside, either under Rule 55 (c) or Rule 60 (b), Alabama Rules of Civil Procedure, must allege and prove that he has a meritorious defense to the action. Vestavia Country Clubv. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960); AAA SewingMachine Company v. Shelby Finance Company, Inc., 384 So.2d 126
(Ala.Civ.App. 1980). No defense was set forth by defendant Roberts in either his motion or his supporting affidavits.
This case has been in the Alabama court system since 1974. We find no abuse on the part of the trial court in bringing this case to a resolution. The default judgments as to the original claim and cross-claim were *Page 527 
properly granted. Let the judgment on the motion be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.