ADAMS, Justice.
This is an appeal by Aetna Casualty & Surety Company (“Aetna”) from a judgment entered in favor of Frank McIntyre and Rhonda McIntyre. The appeal is from that portion of the judgment in favor of Frank, who is divorced from Rhonda and who failed to appear on the trial date. Aetna alleged that the McIntyres had breached a contract by failing to pay for damage they allegedly caused to property leased to them by Aetna’s insureds. A statement of the facts in this case is unnecessary, because the only issue raised on appeal is whether the trial court erred in failing to enter a default judgment against Frank McIntyre for his failure to appear at the trial.
The record reveals that the complaint was served on Rhonda McIntyre on November 4, 1987. There is no evidence in the record that a copy of the complaint was served on Frank; nevertheless, on December 4, 1987, Frank’s attorney filed a motion for change of venue from Mobile County, where the complaint was filed. While the motion requested a venue change to Clarke County, the supporting affidavit, filed January 4,1988, stated that Frank and Rhonda resided in Washington County. The motion for change of venue was granted; however, the case was transferred to Washington County instead of to Clarke County. Although Frank’s attorney made filings in Clarke County, these filings were transferred to Washington County. One of these filings was Frank’s general denial in answer to the complaint. On February 10, 1988, Frank’s attorney filed in Clarke County a motion to withdraw as Frank’s attorney. This motion was received in Washington County on May 20, 1988, and was granted on June 7, 1988. The case *88 was set for trial in October 1988. During the trial, Aetna moved for a default judgment against Frank for failure to appear. The court, on January 3, 1989, entered its judgment in favor of Frank and Rhonda. Aetna filed a Rule 59(e), A.R.Civ.P., motion, arguing that the trial court had erred by refusing to grant its motion for a default judgment against Frank. That motion was denied. This appeal followed. We affirm.
In contending that the trial court erred, Aetna cites Roberts v. Wettlin, 431 So.2d 524 (Ala.1983), and Gray v. Handy, 204 Ala. 559, 86 So. 548 (1920), for the proposition that if a defendant knows of a trial date, yet fails to appear, then the court must enter a default judgment against him. Gray v. Handy, supra, however, makes it clear that Aetna would be entitled to a default judgment only “[upon] the proof of the amount of damages,” 204 Ala. at 560, 86 So. at 549. In this case, the judge evidently was of the opinion that Aetna failed to prove those damages.
We have reviewed the record and find that Aetna has offered no more than an assumption that the damage to the house leased by the McIntyres was caused by a grease fire.[1] Furthermore, there was no evidence that Frank McIntyre was at the residence on the date of the fire and, therefore, any liability on his part would be based on the liability of his wife, Rhonda, or of other family members who were present on that date. His liability would stem from the clause in the lease which states that the “[tjenant shall be responsible for all repairs required ... for damages caused by his negligence and that of his family or invitees or guests.” (Emphasis added.) While Aetna insists that a default judgment should have been entered solely on Frank’s failure to appear and regardless of the outcome of the case against Rhonda, we are of the opinion that such an approach would be absurd under these facts. To find Frank liable when his liability would have to be based on Rhonda’s liability, and Rhonda has been determined to have no liability, would be inequitable. See generally Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). “Frow stands for the narrow rule that a default judgment may not be entered against one of several defendants (1) where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant.” ¶ 55.06, 6. J. Moore’s Federal Practice 2d ed. (1988). While there have been several cases refusing to strictly apply Frow to their particular situations, see Farzetta v. Turner & Newall, Ltd., 797 F.2d 151 (3d Cir.1986), and cases cited therein, we are of the opinion that, in this instance, Frow offers the only fair solution.
Aetna failed to show liability on the part of Frank. Therefore, the judgment in his favor is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.

. The trial court found no evidence that the damage was caused by a grease fire. That finding has not been challenged on appeal.