KENNEDY, Justice.
We granted certiorari review in order to determine whether the defendant, against whom a default judgment had been entered, was entitled to relief under Rule 60(b), Ala. R.Civ.P., based on her claim that any liability she had to the plaintiff would have been a joint liability with her husband.
On July 11,1990, Altus Bank sued Altharis L. Threatt and her husband, Arthur, alleging that because of an accounting error the Bank had overpaid the Threatts $10,000 when they closed their joint certificate of deposit account with Altus. The Bank sought a return of the $10,000, plus interest.
Ms. Threatt was served with a summons and a complaint on August 3, 1990. On September 13, 1990, the Bank moved for a default judgment against her. The trial court entered a default judgment against her in the amount of $10,000.
On March 22, 1991, Ms. Threatt’s husband Arthur was served with a summons and a complaint. He answered the complaint on April 15, 1991, denying the allegations. Following an ore tenus proceeding on October 15, 1991, the court entered a judgment in favor of Arthur.
On June 25,1992, the Bank obtained a writ of garnishment against Ms. Threatt, based on the default judgment. She filed a Rule 60(b)(6), Ala.R.Civ.P., motion requesting that the court set aside the September 13, 1990, default judgment entered against her, as well as the writ of garnishment. In her motion, she argued that she and her husband had been sued based on identical facts and identical theories of recovery based on joint liability. She argued that the trial court’s judgment in favor of her husband Arthur also exonerated her of liability to the Bank. She further argued that allowing the garnishment to stand would have the effect of producing inconsistent judgments against multiple defendants in cases arising from identical facts.
The trial court denied Ms. Threatt’s motion for relief under Rule 60(b)(6), and the Court of Civil Appeals affirmed. In its opinion, the Court of Civil Appeals said the record contained no evidence that this ease involved true joint liability, because the record contained no transcript of the husband’s trial and no statement of the evidence such as is provided for in Rule 10(d), Ala.R.App.P.
In Aetna Cas. & Sur. Co. v. McIntyre, 555 So.2d 87 (Ala.1989), considering the facts of the ease, we applied the rule that “ ‘a default judgment may not be entered against one of several defendants (1) where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant.’ ” 555 So.2d at 88 (quoting 6 J. Moore, Moore’s Federal Practice, § 55.06 (2d ed 1988), citing Frow v. De La *931 Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)).
In Aetna, we held that the trial court had properly refused to enter a default judgment against one of the parties for failing to appear. The liability of the defaulting party was based on the liability of the party who appeared and the trial court found that the appearing party was, in fact, not liable. This Court concluded that a judgment against the defaulting party would have been inequitable.
The record now before us, we conclude, does present evidence of a joint account. Although the record does not contain a transcript of the trial of the claim against the husband, it does contain evidence showing that Ms. Threatt’s account was a joint account. An affidavit prepared by the Bank clearly refers to both Ms. Threatt and her husband in reference to the account. A letter from the Bank also refers to both of them in regard to the CD account. An affidavit by a vice-president of the Bank refers to the CD account as the “account of Arthur and Al-tharis Threatt.” Indeed, the Bank originally attempted to sue both Ms. Threatt and her husband in regard to the alleged overpayment on the CD account, but it failed to serve process on the husband until after the default judgment had been entered against Ms. Threatt.
A ruling on a Rule 60(b) motion will not be reversed absent an abuse of discretion. We conclude that the trial court did abuse its discretion in denying Ms. Threatt relief from the default judgment. The CD account was a joint account, according to the evidence. A default judgment may not be entered against one of the holders of this joint account based upon the overpayment.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and COOK, JJ., concur.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., dissent.