A default judgment for $15,000 was entered against the appellant who, pursuant to Rule 60 (b), ARCP, asked that it be set aside; the trial court, after conducting a hearing on the motion, refused to set the default judgment aside. At issue on appeal is this question:
Did the trial court abuse the discretion granted to it by Rule 55 (c) in overruling appellant's motion to set aside the default judgment?
We have examined the record and have found no abuse of discretion. Our judgment is based upon the facts and circumstances of this case, and upon an application of the law relating to default judgments to those facts and circumstances. *Page 241 
Virginia Stephens, appellee, filed a three-count complaint in which she named several defendants, including the appellant, James W. Elliott. Stephens claimed that when certain real property was conveyed to her the defendants other than Elliott had warranted that the lot contained "a house and side porch with access thereto," but that she discovered that the fence and side porch were located outside a boundary line and that "this newly discovered boundary line completely eliminated access to the side porch." Stephens claimed that "the discrepancy concerning the boundary line was caused by mutual mistake by and between the respective grantees and grantors in reliance upon the survey of the defendant, JAMES W. ELLIOTT."
In Claim I, Stephens sought reformation of the deed so that she could have access to the side porch of her home. In the alternative she demanded $5,000 in damages "to establish access to the porch by alternative means." In Claim II, Stephens sought $15,000 in damages based on breach of a warranty that there were no "encroachments to the land and that there would be access thereto." Stephens sought no relief from Elliott in these two claims.
In Claim III, she sought $15,000 damages against Elliott. She claimed that he negligently surveyed the property by failing to show the correct location of the improvements in relation to the boundary line and by incorrectly stating that the improvements were within the boundary line.
The record indicates that the lower court could have found that defendant Elliott was served on June 4, 1979, and that Elliott failed to answer the complaint, whereupon plaintiff Stephens filed, on October 24, 1979, an application with the Register for the entry of a default. The application for default was supported by an affidavit, and the Register entered a default against Elliott on October 24, 1979. Plaintiff Stephens filed a motion for default judgment on December 4, 1979, and the trial judge entered a judgment by default against Elliott for $15,000 on December 4, 1979.
Defendant Elliott, represented by counsel other than counsel now representing him on appeal, filed a motion to set aside the default judgment, and set forth the following grounds:
 That this defendant took no action after service, as a result of mistake on his part, and excusable neglect on his part, in that this defendant assumed incorrectly that a trial date would be set by the Court, and he would be notified of same.
 That this defendant is a resident of the Bessemer Division of Jefferson County, and the judgement heretofore entered against him is void by statute.
 That this defendant has a valid defense to this action, and that the principles of equity and justice would prevent judgement from being entered against him.
 That no one has initiated action on the strength of the said judgement, nor has there been any reliance on the said judgement.
The trial court, after hearing "statements and arguments of counsel," denied Elliott's motion to set aside the default judgment on January 18, 1980.
Elliott filed notice of appeal and because there was no transcript made of the hearing on Elliott's motion to set aside the default, Elliott asked the trial judge, pursuant to Rule 10 (d), ARAP, to approve a statement of the proceedings. The trial judge declined.
Because there was no Rule 54 (b), ARCP, certification entered as to the default judgment entered against Elliott, and because the matter was still pending against some of the other defendants, this Court, on September 16, 1980, dismissed Elliott's appeal. Elliott v. Stephens, 79-387 (unpublished order). Meanwhile, on July 30, 1980, a hearing was held on the remaining claims before the circuit court, and a final judgment was entered on September 5, 1980. On October 8, 1980, the trial judge entered an order supplementing the final judgment he had entered on September 5, 1980.
Elliott filed a notice of appeal on October 15, 1980. No new supersedeas bond was filed; but a supersedeas had been filed in Case No. 79-387. *Page 242 
We now state the applicable law and the reasons why we find that the trial court did not abuse its discretion.
Appellant grounded his request for relief under Rule 60 (b), ARCP, which provides for relief from a judgment on grounds of mistake, excusable neglect, voidness of the judgment and other grounds. Since Elliott's motion to set aside the default judgment was filed within 30 days, under our liberal rules of pleading, we may consider the motion as having been filed pursuant to Rule 55 (c), ARCP, which deals specifically with default judgments, but the trial judge did not rule upon the motion within 30 days.
Rule 55 (c), ARCP, providing for the setting aside of default, states:
 In its discretion, the court may set aside an entry of default and the court may set aside a judgment by default within 30 days thereafter.
In Wade v. Pridmore, 361 So.2d 511 (Ala. 1978), this Court opined:
 Our Rule 55 (c) differs from the Federal Rule in that the Federal Rule provides that an entry of default may be set aside for good cause shown, and "may likewise" set aside a judgment of default "in accordance with Rule 60 (b)." Our Rule has no express reference to Rule 60 ARCP. The Committee Comments state:
 "This was eliminated in order to insure the court's power to set aside a default judgment in thirty days in an instance where Rule 60 might not afford justification. No time limit is expressed with respect to an entry of default. Of course, Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default."
 We opine that a party in default should make a formal motion to set aside a judgment of default. The granting or denying the motion will involve the exercise of the sound discretion of the trial court, and that will be interfered with by an appellate court only where there is an abuse. [Emphasis in original.]
Thus, the trial court has great discretion in deciding whether to grant or deny a motion to set aside a judgment by default under Rule 55 (c).
In Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978), it was stated:
 It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default judgments are not favored, and while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. Knight v. Davis, 356 So.2d 156 (Ala. 1978); Welch v. G.F.C. Credit Corp., 336 So.2d 1346
(Ala.Civ.App. 1976). The trial court is given the same discretionary power to set aside such judgments where good cause is shown under Rule 60 (b) and a meritorious defense is alleged. Holleman v. Elmwood Cemetery Corp., 295 Ala. 267, 327 So.2d 716 (1976); Taylor v. Taylor, 49 Ala. App. 306, 271 So.2d 503
(1973); Rule 55 (c), ARCP.
This case makes it clear that the discretion afforded under Rule 55 (c) should also be afforded under Rule 60 (b) in a determination of whether or not to set aside a judgment by default.
Since the trial judge did not rule upon the motion to set aside the default within 30 days, as provided in Rule 55 (c), the only relief available to the movant would be that provided for under Rule 60, ARCP. Wiggins v. Tuscaloosa WarehouseGroceries, Inc., 396 So.2d 91 (Ala. 1981).
In passing on the requisites for obtaining relief from a default judgment under Rule 60 (b), ARCP, this Court has stated:
 In order for one to obtain 60 (b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action. Taylor v. Taylor, 49 Ala. App. 306, 271 So.2d 503 (1973); Trueblood Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 *Page 243 
(E.D. Va. 1963). On the other hand if the judgment which forms the basis of the appeal is a void judgment, then such a judgment will negate the necessity of showing a meritorious defense. Modernage v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975).
Raine v. First Western Bank, 362 So.2d 846, 848 (Ala. 1978).
In the instant case, the appellant alleged grounds under Rule 60 (b), as well as a meritorious defense and voidness of the judgment, but there is not before this Court a record of the hearing had on January 18, 1980. While the attorneys for the respective parties did submit affidavits concerning the occurrences at that hearing, the trial judge did not approve the statements filed by the attorneys as to the nature of the proceeding on the ground that he had no independent recollection of what transpired.
The attorneys appearing at the hearing agree, however, that the appellant's argument was based on excusable neglect, although the attorney for the appellee does not agree that excusable neglect was proven. Even conceding that appellant proved excusable neglect, one of the grounds under 60 (b), and the presumption which operates against default, he failed to prove an element required by Raine that he had a meritorious defense. Appellant's counsel raises, on appeal, what he contends may have been a meritorious defense, but we have no proof in the record to support it.
The trial judge, therefore, under the facts and circumstances here, did not abuse his discretion in denying the motion to set aside the default judgment.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.