WRIGHT, Presiding Judge.
This is a divorce case.
On March 4, 1983, Fredrick L. Ritenour filed a complaint seeking divorce from Mattie Jo Ritenour, his wife of thirty years. A default judgment was entered in his favor, and a final decree of divorce was rendered on May 18, 1983. On June 3, 1983, Mrs. Ritenour filed a motion to vacate the judgment pursuant to Rule 55(c), A.R.Civ.P. On September 22, 1983, she filed an amendment thereto along with supporting affidavits. After a September 23, 1983 hearing, Mrs. Ritenour’s motion, as amended, was denied. She appeals here.
Since the trial judge did not rule upon the motion to vacate the default within thirty days, as provided in Rule 55(c), we treat the motion as one seeking relief from a judgment pursuant to Rule 60, A.R.Civ.P. Elliott v. Stephens, 399 So.2d 240 (Ala.1981).
In Elliott, supra, we quoted Oliver v. Sawyer, 359 So.2d 368 (Ala.1978), in which we stated:
“It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default judgments are not favored, and while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. (Citation omitted.) The trial court is given the same discretionary power to set aside such judgments where good cause is shown under Rule 60(b) and a meritorious defense is alleged.”
The granting or denying of a Rule 60(b) motion will only be disturbed by an appellate court if resulting in an abuse of discretion by the trial court. Elliott, supra at 242.
As a meritorious defense, Mrs. Ritenour alleges that her mental state (the affidavits indicate that she is an obsessive, compulsive personality type) and the medication she was taking prevented her from understanding the nature of the default judgment. Thus, she argues, it was a clear abuse of discretion for the trial court to deny her motion.
While insanity may be an adequate ground to set aside a divorce decree, such a decree may not be vacated merely because one party is emotionally impaired; there are no cases doing so where one party is less than non compos mentis. McLaughlin v. McLaughlin, 53 Ala.App. 545, 302 So.2d 233 (1974).
Though it appears that Mrs. Riten-our had, over a period of years, suffered from a mental breakdown and was committed to Bryce Mental Hospital where she was treated with electric shock and drugs, she had reared four children to adulthood. One child is in college and is being supported by the father, who was given custo *958 dy of her in the divorce. The wife had been separated from her husband for a year and a half at the time of the divorce and lived with her mother. She had previously obtained counsel and filed a petition for divorce, which she subsequently dismissed. Mrs. Ritenour stated by affidavit that she was aware of being served with the husband’s petition for divorce. She said she did not know that a default judgment could be entered. She had sufficient mental capacity to discuss with her husband and reach an agreement for the sale and division of the marital home while the petition for divorce was pending.
With all these and other facts and the parties before him, the trial judge denied the motion to set the decree of divorce aside merely upon the failure of an award of alimony. Even though we might have ruled otherwise on the face of the record, the trial judge had a better view than we. Therefore, this court cannot hold there was palpable abuse of discretion by the trial judge.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.