This is an appeal of the circuit court's denial of a motion to set aside a judgment of divorce entered after default.
The husband filed suit for divorce in 1986 on the grounds of incompatibility. The wife was served with the complaint and summons, and the case was set for trial on June 12, 1986.
On the date of the trial the husband appeared; however, the wife was not present. At that time a "judgment by default" was entered against the wife. The court then appointed a commissioner to take testimony in the cause and submit it to the court for its consideration. The court thereafter on July 9, 1986, entered a judgment of divorce.
The wife filed a motion to set aside the default judgment of divorce on August 1, 1986. After an ore tenus hearing on the wife's motion, the trial court denied the motion.
The wife appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in denying the wife's motion to set aside the default judgment of divorce. Rule 55(c), Alabama Rules of Civil Procedure.
At the outset we note that the granting or denying of a motion to set aside a default judgment within thirty days after the entry of the judgment is a matter which lies largely within the trial court's discretion. Elliott v. Stephens,399 So.2d 240 (Ala. 1981); Rule 55(c), A.R.Civ.P. Further, the trial court's action is not lightly to be disturbed by an appellate court, especially where denial of such a motion comes after a full hearing as we have in the instant appeal. Brown v.Brown, 374 So.2d 332 (Ala.Civ.App. 1979).
The record in pertinent part reveals that the husband and wife were originally married in 1957. They divorced each other in 1980, but remarried in 1983. The husband filed for the second divorce in 1986, and a *Page 286 
court date was set for June 12, 1986. The wife failed to appear, and a default judgment was entered against her. The court granted a judgment of divorce which included a property settlement on July 9, 1986. Within thirty days the wife filed a motion to set aside the judgment. Rule 55(c), A.R.Civ.P. A full hearing was then held, where both husband and wife were present.
The record clearly reveals that the wife received and read the complaint for divorce, as well as the summons, and was aware that the trial date was set for June 12, 1986. The wife testified that she had been in the hospital under the supervision and care of a psychiatrist, but that she was discharged from the hospital and was at home when she was served with the complaint for divorce.
The husband testified that after his wife was served with the complaint, his attorney sent a letter to the wife, setting out the husband's proposal for a property settlement. The husband further testified that he had discussed the proposal with his wife.
The wife at first denied receiving the proposal letter or ever discussing the property settlement with her husband. However, she later testified that the letter may have come to her home and that her mother did not give it to her. The wife also later testified that she told her husband that she was not coming to court on June 12, 1986, because it "is the worst place in town to be." She then testified that she knew that her husband was going to proceed with what he had asked for, but that she trusted him enough that she thought she would get one-half of certain properties.
The wife argues on appeal that the trial court erred in denying her motion to set aside the default judgment because there were legitimate reasons for her failure to appear at trial. She stated that her mental state of mind and her misplaced trust and belief in her husband caused her not to appear.
This court has indicated that being non composmentis may be adequate grounds to set aside a divorce decree. However, such a decree may not be vacated simply because one party is emotionally impaired. There are no cases doing so where one party is less than non compos mentis.Ritenour v. Ritenour, 448 So.2d 956 (Ala.Civ.App. 1984).
Although the record does reveal that the wife was under the care of a psychiatrist, there is no finding that she is noncompos mentis. In fact, the record and reasonable inferences therefrom indicate that the wife was indeed rational. It could be reasonably concluded that the wife received the complaint for divorce and freely and deliberately chose not to defend against the action. This court has consistently held that a party remains duty bound to take the necessary legal steps to protect his own interests. Jonesv. Jones, 479 So.2d 1281 (Ala.Civ.App. 1985). This she did not do.
The wife also contends that the trial court erred in not setting aside the divorce decree in that the provisions of the property settlement were inequitable and unjust. Put another way, she has what might be determined to be a "meritorious defense."
The record reveals that the wife has been gainfully employed for the past twenty-five years and has a vested interest in her retirement plan of $50,000. Pursuant to the divorce decree she is to receive the family home, a rental house, a 1983 Chrysler New Yorker automobile, and is to remain as beneficiary on $45,000 of life insurance on the husband's life. In addition to the above, she also is to receive half of the $8,700 income tax refund. We note that this evidence was presented to the trial court at the hearing on the wife's Rule 55(c) motion.
It is well established that the division of property is within the discretion of the trial court and that its judgment will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). Further, the division of property does not have to be equal, and each case must be decided on its own facts and circumstances. Parker v. Parker,392 So.2d 229 (Ala.Civ.App. 1980).
With all of the above and other facts, as well as the parties before him, the trial *Page 287 
judge denied the wife's motion to set aside the default judgment of divorce. Even though we might have concluded otherwise since default judgments are not favored, the trial judge had a better view than this court in that he heard the testimony, observed the witnesses, and was able to judge their credibility and demeanor. Moreover, this court may not substitute its judgment for that of the trial court. Smithv. Smith, 448 So.2d 381 (Ala.Civ.App. 1984); Dismukesv. Dismukes, 376 So.2d 730 (Ala.Civ.App. 1979).
In view of the above, there is evidence to support a conclusion that the wife was well aware of the divorce proceedings and knew that they could result in a divorce. Further, giving full credence to the presumption of correctness of a division of property by a trial court, we cannot say that it erred in its division of the parties' property.
In view of the discretion accorded the trial court, we conclude from our review of the evidence that there was no abuse of discretion by the court in denying the wife's motion to set aside the default judgment of divorce.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.