514 So.2d 1283 (1987)
Ex parte ILLINOIS CENTRAL GULF RAILROAD COMPANY.
(In re Faye HORTON, as Mother and Next Friend of Jeffrey Allan Wiginton v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, et al.)
ILLINOIS CENTRAL GULF RAILROAD COMPANY
v.
Faye HORTON, as Mother and Next Friend of Jeffrey Allan Wiginton.
86-204, 86-205.
Supreme Court of Alabama.
September 21, 1987.
*1284 Hobart A. McWhorter, Jr., and Joseph B. Mays, Jr., of Bradley, Arant, Rose & White, Birmingham, for Illinois Cent. Gulf R.R.
Roger H. Bedford, Sr., and Robert I. Rogers, Jr., of Bedford, Bedford & Rogers, Russellville, for Horton.
JONES, Justice.
This is an appeal from a default judgment entered against Illinois Central Gulf Railroad Company ("ICG") in the amount of $500,000. The Circuit Court of Franklin *1285 County refused to vacate the default judgment, and entered an order pursuant to the provisions of Rule 54(b), A.R.Civ.P., making the judgment final as to ICG. We reverse and remand.
On the night of March 6, 1986, Guy Wayne Jenkins lost control of the car in which he and passenger Jeffrey Allan Wiginton were riding. The car went through the side railings of a one-lane wooden bridge, owned and maintained by ICG, and then over an embankment onto railroad tracks also owned and maintained by ICG. Wiginton died in the accident. Faye Horton, as mother and next friend of Wiginton, filed a wrongful death action in the Circuit Court of Franklin County against Guy Wayne Jenkins, the Marion County Commission, and ICG. Mrs. Horton's allegations of negligence on the part of ICG were as follows:
"On or about March 6, 1986, the Defendant, Marion County Commission, a body politic, and the Defendant Illinois Central Gulf Railroad Co., and fictitious parties were the owners, and/or had dominion and control, and were charged with the responsibility of design and maintenance of all or a portion of County Road # 66, Marion County, Alabama. On this date, Plaintiff's intestate was a passenger in an automobile operated by the Defendant Guy Wayne Jenkins .... [T]he Jenkins vehicle struck a bridge abutment on a bridge over the railroad of the Defendant Illinois Central Gulf Railroad Co., said accident occurring on County Road # 66, Marion County, Alabama, owned by the Defendant, Marion County Commission. The accident occurred as a direct and proximate result of negligent and/or wanton conduct on the part of the Defendants, Marion County Commission, Illinois Central Gulf Railroad Co., and fictitious parties as regards the design, maintenance, and repairs of said bridge and roadway approaching said bridge, and failure to warn of said dangerous conditions, with concurrent culpability of remaining named Defendants."
The summons and complaint were sent by certified mail to ICG's agent in Haleyville, Alabama, and were received on August 2, 1986. The agent promptly forwarded the summons and complaint to ICG's office in Chicago, Illinois, and the documents were received there on August 6, 1986. The Chicago office directed the summons and complaint to attorney Hobart A. McWhorter, Jr., at the office of Bradley, Arant, Rose & White in Birmingham, where the documents were received on August 8, 1986. The summons and complaint were opened by Mrs. Carole Estes, secretary to McWhorter, and, in accord with standard office practice, Mrs. Estes forwarded the documents to Joseph B. Mays, Jr., who normally acknowledged the receipt of such papers and normally filed an initial appearance in such matters.
Mays, however, was out of the office, having left the previous day for Dothan, Alabama, where he was preparing for a lengthy antitrust trial. Mays's trial began on August 11, 1986, and did not conclude until September 3, 1986; and, during that time, Mays returned to his Birmingham office only on weekends and on two days when the court was not in session. The file did not come to Mays's attention when he returned to the office on September 4.
After ICG failed to respond to the summons and complaint, Mrs. Horton filed an application for default judgment against ICG on September 4, 1986. On September 5, 1986, the trial court made an entry of default against ICG, and on September 11, 1986, the court allowed Mrs. Horton to present testimony in support of an award of damages. ICG was not informed of this hearing. The trial court entered a default judgment in favor of Mrs. Horton in the amount of $500,000 on September 12, 1986.
ICG first learned of the September 5 entry of default on September 12, 1986, when its Haleyville office received a notice in the mail. The ICG agent immediately telephoned ICG's Chicago office, and a telephone call was then made from Chicago to McWhorter in Birmingham, giving McWhorter his first personal knowledge of this lawsuit and of the entry of default. McWhorter immediately prepared an answer *1286 and a motion to set aside default, which he mailed to the clerk of the circuit court on September 12, 1986. McWhorter also telephoned the plaintiff's attorney to advise him of McWhorter's representation of ICG, and McWhorter then sent the plaintiff's attorney a copy of the answer and the motion to set aside default.
On September 15, 1986, the circuit court received and filed ICG's answer and its motion to set aside default, supported by the affidavit of McWhorter. On September 16, however, ICG's Haleyville office received notice of the September 12 entry of default judgment against ICG and the award of $500,000 damages to Mrs. Horton. Upon learning of the entry of default judgment, McWhorter filed with the circuit court a motion to set aside default judgment, supported by McWhorter's affidavit, on September 19, 1986. After a hearing on September 29, 1986, the trial court, on October 8, 1986, entered an order denying ICG's motion to set aside the default judgment. After a hearing, ICG's motion for reconsideration was denied by the trial court. This appeal followed.[1]
ICG makes several arguments in support of its contention that the default judgment is due to be set aside as void, voidable, or premised upon error: 1) That service of process was not proper because Horton failed to file a written request for service by certified mail, as required by Rule 4.1(c)(1), A.R.Civ.P.; 2) that the default judgment should be set aside because there was no proof that Mrs. Horton, as mother of the deceased minor child, had the authority to maintain a wrongful death action; 3) that the trial court's award of damages was improper because Mrs. Horton failed to waive the written jury demand she had made, as required by Rule 38, A.R.Civ.P.; 4) that the default judgment is void because the complaint sets forth inconsistent claims; and 5) that the trial court abused its discretion when it refused to set aside the default judgment.
Because we reverse and remand as to the fifth issue presented (abuse of discretion), an in-depth treatment of each of the first four issues is unnecessary. Suffice it to say, after careful consideration, we find no basis for reversal with respect to any of the first four claims of error.
ICG maintains that in situations where the requisites for granting a Rule 60(b) motion may not be met, a Rule 55(c) motion may, nevertheless, be granted. Therefore, contends ICG, the trial court erred when it analyzed ICG's Rule 55(c) motion by the requirements of Rule 60(b). We agree.
The trial court entered the following order:
"A hearing on the motion of defendant Illinois Central Gulf Railroad Company (ICG), pursuant to Rule 55(c), A.R.C.P., to set aside the default judgment heretofore entered against the defendant ICG on September 11, 1986, was held on September 29, 1986, at which time attorneys for the respective parties appeared before the Court for oral argument on said motion.
"The attorney for the defendant ICG contends that the Court, in its discretion, may set aside the default judgment where good cause is shown under Rule 60(b), A.R.C.P., i.e., excusable neglect, and a meritorious defense is alleged. In support of the motion, the defendant's attorney, in his verified affidavit, acknowledges *1287 receiving a copy of the plaintiff's complaint on August 8, 1986, and forwarding the complaint to another attorney in the firm who was involved in the United States District Court for the Middle District of Alabama on August 11, 1986, and concluded on September 3rd.
"In his affidavit, the defendant's attorney further alleges that ICG has no ownership of or control over the public roadway at either end of their bridge on which the alleged accident occurred made the basis of this proceeding, failure to properly warn vehicles approaching its bridge by the defendant Marion County Commission and contributory negligence by the operator of the motor vehicle in which plaintiff's intestate was a passenger.
"Rule 55(c) places with the court discretion to set aside a default judgment and is to be liberally applied so that all matters may be heard and judged by the Court upon the merits.
"The Court finds the following sequence of events to have occurred in this case:
"July 29, 1986Complaint filed and summons issued
"August 2ICG served by certified mail on its agent in Haleyville, AL
"August 8Attorney McWhorter receives copy of the complaint and forwards it on to partner Mays
"August 11 to September 3Mays in trial of case in U.S. District Court
"September 5Default entered against ICG upon application of plaintiff's attorney
"September [12][J]udgment entered against ICG for $500,000
"September 12ICG [mails] answer and motion to set aside judgment [answer filed in clerk's office on September 15]
"The Court finds from the evidence that the defendant's attorney had knowledge of the pending lawsuit on August 8, 1986, and his failure to answer or otherwise defend the action for approximately five weeks does not constitute the excusable neglect contemplated by Rule 60(b), A.R.C.P., so as to entitle the defendant ICG to the relief sought by its motion.
"The Court further finds that the defendant has failed to allege and prove a meritorious defense in order to obtain relief from the default judgment entered against the defendant ICG. From a consideration of the pleadings of record in this cause, the Court is not satisfied that the defendant ICG has properly proven a meritorious defense to the plaintiff's claim so as to entitle the defendant to the discretionary relief sought.
"For the above reasons, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that the defendant's motion to set aside the default judgment heretofore entered by the Court on September [12], 1986, is due to be, and the same is hereby, denied and overruled."
Although the introductory clause of the trial court's order reflects a Rule 55(c) hearing, the trial court clearly perceived ICG's motion as invoking Rule 60(b); thus, it tested the motion under the Rule 60(b) "excusable neglect" standard. Or, at the very least, the trial court perceived the applicable standards under Rules 55(c) and 60(b) as being the same. Whether the trial court would have abused its discretion in denying a 60(b) motion, filed beyond the 30-day period following the default judgment, we need not decide. What we do decide, within the scope of the precise issue here presented, is that the Rule 55(c) 30-day period contemplates a more liberal exercise of the trial court's discretion in favor of setting aside default judgments.
This difference in the standards applicable under the two rules is clearly reflected in the language of Rule 55(c), granting to the trial court the unrestricted power to act on its own motion or "on the motion of a party filed not later than 30 days after the entry of the judgment." The absence of grounds as a requisite for a Rule 55(c) motion stands in sharp contrast to the enumerated grounds required by Rule 60(b). That Rule 55(c) contemplates that the trial court will liberally exercise its discretion in *1288 favor of setting aside a default judgment under the 30-day provision is also reflected in the Committee Comments: "[Any reference to Rule 60] was eliminated in order to insure the court's power to set aside a default judgment in 30 days in an instance where Rule 60 might not afford justification." In this same vein, the 1984 amendment to Rule 55(c) "continues the power of the court to set aside a default judgment within 30 days on its own motion, but it is intended to insure also that when a party has filed a motion for relief from default judgment, the court can act on the motion beyond the 30 days, so long as the motion is filed within 30 days after the entry of the default judgment," subject, of course, to the 90-day limitation of Rule 59.1.
Our holding is not to be understood as saying that the language of Rule 55(c)"the court may also set aside a judgment by default"will, in every instance, be interpreted as an unconditional mandate to set aside the default judgment where a party has filed a motion to do so within 30 days after its entry. For example, the trial court's exercise of its discretion to deny such a motion will be affirmed where the movant is found to have intentionally engaged in conduct evidencing disrespect for the judicial system.
We are aware that our recognition of a distinction between the standards applicable under these two rules of civil procedure effectively overrules language to the contrary in Elliott v. Stephens, 399 So.2d 240 (Ala.1981);[2] but we are not to be understood as eliminating the requisite allegation and proof of a meritorious defense to the action, whether the motion to set aside a default judgment is filed pursuant to Rule 55(c) or Rule 60(b). See Surette v. Brantley, 484 So.2d 435 (Ala.1986). To meet the meritorious-defense element, the movant need not satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant is prepared to present a plausible defense. Given the instant plaintiff's theory of recovery, ICG's factual basis for denying liability, and the resultant uncertainty of the outcome of the plaintiff's claim upon trial, we find that ICG met its meritorious-defense burden.
Thus, because ICG presented a reasonable explanation for its delay in filing an appearance and showed a meritorious defense to the claim, we hold that the trial court abused its discretion in not granting the timely filed Rule 55(c) motion.
AS TO CASE NO. 86-204: PETITION DISMISSED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
AS TO CASE NO. 86-205: REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and BEATTY, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring, in part; dissenting, in part).
I agree that the defendant's petition for writ of mandamus to require the trial judge to set aside the entry of a default judgment in this case is due to be dismissed, and I agree that on appeal the judgment of the trial court must be reversed insofar as it awarded the plaintiff $500,000, but I must respectfully dissent as to that aspect of the opinion which holds that the trial court abused its discretion in refusing to set aside the default judgment it had entered against this defendant insofar as the question of liability is concerned.
The Court concludes that certain statements in this Court's case of Elliott v. Stephens, 399 So.2d 240 (Ala.1981), are incorrect, *1289 and the majority not only overrules that case, but establishes a rule of appellate review of a trial judge's ruling on a motion to set aside a default judgment that I consider to be contrary to the rule that has been applicable to default judgments, both before the adoption of the Rules of Civil Procedure and subsequent thereto. The majority states the rule as follows: "The court may also set aside a judgment by default."
I am fully aware that the principal considerations in determining whether a particular defendant has shown that he is entitled to have a default set aside are (1) whether the defendant has intentionally flouted the judicial process, (2) whether the plaintiff would be prejudiced if the default is set aside, and (3) whether the defendant has presented a meritorious defense. However, I believe the Court here has misapplied the law regarding element (3).
In this case, it is apparent that the failure of the defendant to respond was because of the neglect of defendant's counsel, and maybe the majority's result is based upon the premise that a failure to file a responsive pleading is not sufficient to support the entry of a default judgment, and maybe I should concur with that judgment, but I am deeply troubled by the statement in the majority opinion that a "movant [who] presents a reasonable explanation for [his] delay in filing an appearance and has shown a meritorious defense to the claim" is entitled to have a default judgment set aside. I believe this rule effectively eliminates the language of Rule 55, which states that it is in the trial court's discretion to set aside a default.
I am quite aware that default judgments are not favored by the courts. I stated that principle in Elliott v. Stephens, 399 So.2d 240 (Ala.1981). I am also aware that a default judgment should not be granted when there is doubt as to the propriety of a default judgment. Oliver v. Sawyer, 359 So.2d 368 (Ala.1978). This Court should not reverse the judgment of the trial court unless there was an abuse of discretion.
"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly abused such discretion. Elliott v. Stephens, 399 So.2d 240 (Ala.1981). After a careful review of the record we find no such abuse. Further, a defaulting party seeking to have a default judgment set aside, either under Rule 55(c) or Rule 60(b), Alabama Rules of Civil Procedure, must allege and prove that he has a meritorious defense to the action. Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960); AAA Sewing Machine Company v. Shelby Finance Company, Inc., 384 So.2d 126 (Ala.Civ.App.1980). No defense was set forth by defendant Roberts in either his motion or his supporting affidavits." (Emphasis added.)
Roberts v. Wettlin, 431 So.2d 524, 526 (Ala. 1983).
The facts of this case show that the trial judge could have found that ICG was served on August 2, 1986, and that its agent promptly notified the central office in Illinois, and that the central office immediately mailed the complaint to the attorney for ICG in Birmingham, and that the complaint was received in its attorney's office on August 16, 1986, but that the attorneys failed to answer the complaint within 30 days.
I would also point out that, even assuming that the trial court considered the motion to set aside the default as one filed pursuant to Rule 60(b), I would reach the same result in this case. This Court, in refusing to set aside an entry of default, recently stated in Surette v. Brantley, 484 So.2d 435, at 435-36 (Ala.1986):
"Rule 60(b), Ala.R.Civ.P., is an extreme remedy to be used only under extraordinary circumstances. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981). The relief pursuant to Rule 60(b) is a matter within the discretion of the trial court, subject to revision only upon an abuse of that discretion. Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala.1978). A defaulting party seeking *1290 under Rule 60(b) to have a default judgment set aside must prove one of the grounds for relief set out in the rule, and must allege and prove a meritorious defense to the action. American Home Assurance Company v. Hardy, 378 So. 2d 710 (Ala.1979)." (Emphasis added.)
This Court, in Elliott v. Stephens, supra, stated that this Court has the same discretion in deciding whether to grant or deny a default judgment under Rule 60(b) as it has under Rule 55(c). I realize that the majority now overrules that case, but the majority does not deal with the standard of review set out in Roberts v. Wettlin, supra.
I am of the opinion, because I find that the trial court correctly held a hearing and ruled on the Rule 55(c) motion, and because I find that there was no abuse of discretion in the trial court's refusal to set aside the default judgment, that the entry of a default judgment on the question of liability in this case should be affirmed; therefore, I dissent as to that aspect of the opinion.
Applying the rule of Roberts, and based on all the facts and circumstances of this case, I do not believe that the movant has shown that the trial judge "clearly abused his discretion." Clearly, a movant should be allowed to meet the burden of showing a clear abuse, based upon "a reasonable explanation for [his] delay," as held by the majority.
I recognize that the majority has coupled its standard of "reasonable explanation" with a requirement that the movant show a meritorious defense, but even the coupling of these two requirements fails to convince me that the trial judge "clearly abused" his discretion in this case. Roberts v. Wettlin, 431 So.2d 524, 526 (Ala.1983).
In its initial motion to set aside the default judgment, ICG claimed that it was entitled to have the default judgment set aside "on the grounds that ICG's default is excused by reason of excusable neglect, and that ICG has a meritorious defense of this cause as set forth in the answer [previously] filed by ICG." Attached to the motion was an affidavit of ICG's counsel, in which he set out many of the facts contained in the trial judge's order, and in a section entitled "ICG's Defenses," stated, in part, as follows:
"4. In accordance with the complaint, the death of plaintiff's decedent emanated from an automobile accident when the vehicle in which plaintiff's decedent was a passenger sustained a collision involving a bridge on County Road # 66 in Marion County. The complaint contains two counts. Plaintiff alleges in Count I that the `accident occurred as a direct and proximate result of the negligent and/or wanton fashion with which the Defendant Guy Wayne Jenkins operated said vehicle.' No claim is made against ICG in Count I. In Count II, plaintiff alleges that the `accident occurred as a direct and proximate result of negligent and/or wanton conduct on the part of the Defendants, Marion County Commission, Illinois Central Gulf Railroad Co.'
"5. The undersigned was advised by ICG on September 12, 1986, that the bridge referred to in plaintiff's complaint is owned and maintained by ICG. ICG has no ownership in or control over the public road which abuts each end of the bridge. ICG has never installed or maintained, or been requested to install or maintain, traffic control signs relating to the bridge." (Emphasis added.)
ICG's counsel attached to his affidavit a copy of an accident report prepared by investigating officer R.J. Thomas. A copy of that accident report is attached to this special opinion as Appendix A.
ICG's counsel also attached several photographs of the accident scene. Twelve of those photographs, made the day after the accident, and taken from points 500, 400, 350, 300, 200, 150, 100, 80, 75, 60, 40, and 20 feet west of the bridge, were also attached to the motion to set aside the default. The other photographs were of the bridge, the accident scene, and the vehicle itself. ICG's counsel concluded in his affidavit that "the accident occurred as a proximate result of the fashion in which the vehicle was being operated on the occasion of the accident." Counsel also stated that "[t]he pictures illustrate the condition, design *1291 and construction of the bridge and illustrate that all features and characteristics of the bridge are open and obvious."
The majority concludes that the defendant has a meritorious defense, but based on the evidence that was before the trial judge at the time he was requested to set aside the default judgment, I cannot conclude that the trial judge "clearly abused his discretion" in refusing to set the default judgment aside on the issue of ICG's liability. The pictures and the accident report illustrate that ICG owned and maintained a one-lane wooden bridge over its tracks, and that a motorist approaching the bridge from the west on the two-lane asphalt road would have to negotiate a curve in order to traverse this one-lane bridge. The accident report also indicates that the speed limit at the accident scene was 55 mph, and that the estimated speed of the driver was 50 mph. Even though counsel, in his affidavit, states that the condition of the bridge was "open and obvious," I cannot conclude that the trial judge would have clearly abused his discretion in finding that the condition of the bridge was not open and obvious. The trial judge could have found that the pictures themselves showed that a view of the bridge was somewhat obstructed by trees.
I am aware that there was evidence presented to the trial judge in a subsequent "motion to set aside default judgment and for reconsideration of the court's order entered October 8, 1986" that the driver of the vehicle may have been exceeding the speed limit. The accident report does not so indicate. I am also aware that ICG presented evidence in connection with this second motion that it was not negligent in the maintenance of the bridge, and that there had not been a previous accident at the bridge. I would point out, however, that the deceased was a passenger in the vehicle, not the driver; therefore, there is some question of the imputation of the driver's negligence to him.
I recognize that suit papers can get misplaced, and sometimes these errors are recognized by counsel representing the other side of the case and are accepted as mistakes.
Other trial judges, based upon these same facts, may have granted the motion, but as I view my role as an appellate judge, I am not at liberty to regulate a trial judge except when it is shown that he has "clearly abused his discretion." Roberts v. Wettlin. Because I believe the majority has adopted a new and different standard of appellate review in this case, and has incorrectly concluded that the trial court abused its discretion in refusing to set aside the default judgment, I must respectfully dissent as to that aspect of the opinion which holds to the contrary. Of course, I agree that the majority correctly holds that there is "no basis for reversal with respect to any of [the movant's] first four claims of error."
Based on the foregoing, I concur in part, but I must respectfully dissent in part.
BEATTY, J., concurs.
*1292 
*1293 
NOTES
[1] After the trial court denied ICG's motion for reconsideration, ICG filed a petition for a writ of mandamus with this Court, requesting that we require the trial court to vacate and set aside the default judgment entered against ICG. The plaintiff, in opposition to the petition, asserted that mandamus was not the appropriate remedy for setting aside a default judgment, arguing that the trial court's order fixing damages was a final judgment under the provisions of Rule 54(b), A.R.Civ.P., and would, therefore, support an appeal. ICG maintained that mandamus was the proper remedy by which this Court could exercise its supervisory jurisdiction in a case of abuse of discretion by the trial court in denying a motion to vacate a default judgment.

This Court determined that the trial court had failed to make an appropriate order pursuant to Rule 54(b) when it entered the default judgment against ICG. The cause was remanded to the trial court and a Rule 54(b) order was entered. This Court then determined that, because a final judgment which would support an appeal had been entered, the petition for a writ of mandamus was due to be dismissed. See Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala.1985).
[2] For the sake of clarity, we note that Elliott was decided before the adoption of the 1984 amendment to Rule 55(c); thus, the trial court, not having ruled on the defaulting party's Rule 55(c) motion within 30 days of the entry of the default judgment, was acting pursuant to the standard applicable under Rule 60(b). Therefore, the statements in Elliott that are hereby overruled are dicta.