JONES, Justice.
This is an appeal from a default judgment entered against Illinois Central Gulf Railroad Company (“ICG”) in the amount of $500,000. The Circuit Court of Franklin *1285 County refused to vacate the default judgment, and entered an order pursuant to the provisions of Rule 54(h), A.R.Civ.P., making the judgment final as to ICG. We reverse and remand.
On the night of March 6, 1986, Guy Wayne Jenkins lost control of the car in which he and passenger Jeffrey Allan Wig-inton were riding. The car went through the side railings of a one-lane wooden bridge, owned and maintained by ICG, and then over an embankment onto railroad tracks also owned and maintained by ICG. Wiginton died in the accident. Faye Horton, as mother and next friend of Wiginton, filed a wrongful death action in the Circuit Court of Franklin County against Guy Wayne Jenkins, the Marion County Commission, and ICG. Mrs. Horton’s allegations of negligence on the part of ICG were as follows:
“On or about March 6, 1986, the Defendant, Marion County Commission, a body politic, and the Defendant Illinois Central Gulf Railroad Co., and fictitious parties were the owners, and/or had dominion and control, and were charged with the responsibility of design and maintenance of all or a portion of County Road # 66, Marion County, Alabama. On this date, Plaintiffs intestate was a passenger in an automobile operated by the Defendant Guy Wayne Jenkins.... [T]he Jenkins vehicle struck a bridge abutment on a bridge over the railroad of the Defendant Illinois Central Gulf Railroad Co., said accident occurring on County Road # 66, Marion County, Alabama, owned by the Defendant, Marion County Commission. The accident occurred as a direct and proximate result of negligent and/or wanton conduct on the part of the Defendants, Marion County Commission, Illinois Central Gulf Railroad Co., and fictitious parties as regards the design, maintenance, and repairs of said bridge and roadway approaching said bridge, and failure to warn of said dangerous conditions, with concurrent culpability of remaining named Defendants.”
The summons and complaint were sent by certified mail to ICG’s agent in Haley-ville, Alabama, and were received on August 2,1986. The agent promptly forwarded the summons and complaint to ICG’s office in Chicago, Illinois, and the documents were received there on August 6, 1986. The Chicago office directed the summons and complaint to attorney Hobart A. McWhorter, Jr., at the office of Bradley, Arant, Rose & White in Birmingham, where the documents were received on August 8, 1986. The summons and complaint were opened by Mrs. Carole Estes, secretary to McWhorter, and, in accord with standard office practice, Mrs. Estes forwarded the documents to Joseph B. Mays, Jr., who normally acknowledged the receipt of such papers and normally filed an initial appearance in such matters.
Mays, however, was out of the office, having left the previous day for Dothan, Alabama, where he was preparing for a lengthy antitrust trial. Mays’s trial began on August 11, 1986, and did not conclude until September 3, 1986; and, during that time, Mays returned to his Birmingham office only on weekends and on two days when the court was not in session. The file did not come to Mays’s attention when he returned to the office on September 4.
After ICG failed to respond to the summons and complaint, Mrs. Horton filed an application for default judgment against ICG on September 4, 1986. On September 5, 1986, the trial court made an entry of default against ICG, and on September 11, 1986, the court allowed Mrs. Horton to present testimony in support of an award of damages. ICG was not informed of this hearing. The trial court entered a default judgment in favor of Mrs. Horton in the amount of $500,000 on September 12, 1986.
ICG first learned of the September 5 entry of default on September 12, 1986, when its Haleyville office received a notice in the mail. The ICG agent immediately telephoned ICG’s Chicago office, and a telephone call was then made from Chicago to McWhorter in Birmingham, giving McWhorter his first personal knowledge of this lawsuit and of the entry of default, McWhorter immediately prepared an an *1286 swer and a motion to set aside default, which he mailed to the clerk of the circuit court on September 12, 1986. McWhorter also telephoned the plaintiff’s attorney to advise him of McWhorter’s representation of ICG, and McWhorter then sent the plaintiff’s attorney a copy of the answer and the motion to set aside default.
On September 15, 1986, the circuit court received and filed ICG’s answer and its motion to set aside default, supported by the affidavit of McWhorter. On September 16, however, ICG’s Haleyville office received notice of the September 12 entry of default judgment against ICG and the award of $500,000 damages to Mrs. Horton. Upon learning of the entry of default judgment, McWhorter filed with the circuit court a motion to set aside default judgment, supported by McWhorter’s affidavit, on September 19,1986. After a hearing on September 29, 1986, the trial court, on October 8, 1986, entered an order denying ICG’s motion to set aside the default judgment. After a hearing, ICG’s motion for reconsideration was denied by the trial court. This appeal followed.[1]
ICG makes several arguments in support of its contention that the default judgment is due to be set aside as void, voidable, or premised upon error: 1) That service of process was not proper because Horton failed to file a written request for service by certified mail, as required by Rule 4.1(c)(1), A.R.Civ.P.; 2) that the default judgment should be set aside because there was no proof that Mrs. Horton, as mother of the deceased minor child, had the authority to maintain a wrongful death action; 3) that the trial court’s award of damages was improper because Mrs. Horton failed to waive the written jury demand she had made, as required by Rule 38, A.R.Civ.P.; 4) that the default judgment is void because the complaint sets forth inconsistent claims; and 5) that the trial court abused its discretion when it refused to set aside the default judgment.
Because we reverse and remand as to the fifth issue presented (abuse of discretion), an in-depth treatment of each of the first four issues is unnecessary. Suffice it to say, after careful consideration, we find no basis for reversal with respect to any of the first four claims of error.
ICG maintains that in situations where the requisites for granting a Rule 60(b) motion may not be met, a Rule 55(c) motion may, nevertheless, be granted. Therefore, contends ICG, the trial court erred when it analyzed ICG’s Rule 55(c) motion by the requirements of Rule 60(b). We agree.
The trial court entered the following order:
“A hearing on the motion of defendant Illinois Central Gulf Railroad Company (ICG), pursuant to Rule 55(c), A.R.C.P., to set aside the default judgment heretofore entered against the defendant ICG on September 11, 1986, was held on September 29, 1986, at which time attorneys for the respective parties appeared before the Court for oral argument on said motion.
“The attorney for the defendant ICG contends that the Court, in its discretion, may set aside the default judgment where good cause is shown under Rule 60(b), A.R.C.P., i.e., excusable neglect, and a meritorious defense is alleged. In support of the motion, the defendant’s attorney, in his verified affidavit, ac *1287 knowledges receiving a copy of the plaintiffs complaint on August 8, 1986, and forwarding the complaint to another attorney in the firm who was involved in the United States District Court for the Middle District of Alabama on August 11, 1986, and concluded on September 3rd.
“In his affidavit, the defendant’s attorney further alleges that ICG has no ownership of or control over the public roadway at either end of their bridge on which the alleged accident occurred made the basis of this proceeding, failure to properly warn vehicles approaching its bridge by the defendant Marion County Commission and contributory negligence by the operator of the motor vehicle in which plaintiffs intestate was a passenger.
“Rule 55(c) places with the court discretion to set aside a default judgment and is to be liberally applied so that all matters may be heard and judged by the Court upon the merits.
“The Court finds the following sequence of events to have occurred in this case:
“July 29, 1986 — Complaint filed and summons issued
“August 2 — ICG served by certified mail on its agent in Haleyville, AL
“August 8 — Attorney McWhorter receives copy of the complaint and forwards it on to partner Mays
“August 11 to September 3 — Mays in trial of case in U.S. District Court
“September 5 — Default entered against ICG upon application of plaintiffs attorney
“September [12] — [Jjudgment entered against ICG for $500,000
“September 12 — ICG [mails] answer and motion to set aside judgment [answer filed in clerk’s office on September 15]
“The Court finds from the evidence that the defendant’s attorney had knowledge of the pending lawsuit on August 8, 1986, and his failure to answer or otherwise defend the action for approximately five weeks does not constitute the excusable neglect contemplated by Rule 60(b), A.R.C.P., so as to entitle the defendant ICG to the relief sought by its motion.
“The Court further finds that the defendant has failed to allege and prove a meritorious defense in order to obtain relief from the default judgment entered against the defendant ICG. From a consideration of the pleadings of record in this cause, the Court is not satisfied that the defendant ICG has properly proven a meritorious defense to the plaintiff’s claim so as to entitle the defendant to the discretionary relief sought.
“For the above reasons, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that the defendant’s motion to set aside the default judgment heretofore entered by the Court on September [12], 1986, is due to be, and the same is hereby, denied and overruled.”
Although the introductory clause of the trial court’s order reflects a Rule 55(c) hearing, the trial court clearly perceived ICG’s motion as invoking Rule 60(b); thus, it tested the motion under the Rule 60(b) “excusable neglect” standard. Or, at the very least, the trial court perceived the applicable standards under Rules 55(c) and 60(b) as being the same. Whether the trial court would have abused its discretion in denying a 60(b) motion, filed beyond the 30-day period following the default judgment, we need not decide. What we do decide, within the scope of the precise issue here presented, is that the Rule 55(c) 30-day period contemplates a more liberal exercise of the trial court’s discretion in favor of setting aside default judgments.
This difference in the standards applicable under the two rules is clearly reflected in the language of Rule 55(c), granting to the trial court the unrestricted power to act on its own motion or “on the motion of a party filed not later than 30 days after the entry of the judgment.” The absence of grounds as a requisite for a Rule 55(c) motion stands in sharp contrast to the enumerated grounds required by Rule 60(b). That Rule 55(c) contemplates' that the trial court will liberally exercise its discretion in *1288 favor of setting aside a default judgment under the 30-day provision is also reflected in the Committee Comments: “[Any reference to Rule 60] was eliminated in order to insure the court’s power to set aside a default judgment in 30 days in an instance where Rule 60 might not afford justification.” In this same vein, the 1984 amendment to Rule 55(c) “continues the power of the court to set aside a default judgment within 30 days on its own motion, but it is intended to insure also that when a party has filed a motion for relief from default judgment, the court can act on the motion beyond the 30 days, so long as the motion is filed within 30 days after the entry of the default judgment,” subject, of course, to the 90-day limitation of Rule 59.1.
Our holding is not to be understood as saying that the language of Rule 55(c) — “the court may also set aside a judgment by default” — will, in every instance, be interpreted as an unconditional mandate to set aside the default judgment where a party has filed a motion to do so within 30 days after its entry. For example, the trial court’s exercise of its discretion to deny such a motion will be affirmed where the movant is found to have intentionally engaged in conduct evidencing disrespect for the judicial system.
We are aware that our recognition of a distinction between the standards applicable under these two rules of civil procedure effectively overrules language to the contrary in Elliott v. Stephens, 399 So.2d 240 (Ala.1981);[2] but we are not to be understood as eliminating the requisite allegation and proof of a meritorious defense to the action, whether the motion to set aside a default judgment is filed pursuant to Rule 55(c) or Rule 60(b). See Surette v. Brantley, 484 So.2d 435 (Ala.1986). To meet the meritorious-defense element, the movant need not satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant is prepared to present a plausible defense. Given the instant plaintiff’s theory of recovery, ICG’s factual basis for denying liability, and the resultant uncertainty of the outcome of the plaintiff’s claim upon trial, we find that ICG met its meritorious-defense burden.
Thus, because ICG presented a reasonable explanation for its delay in filing an appearance and showed a meritorious defense to the claim, we hold that the trial court abused its discretion in not granting the timely filed Rule 55(c) motion.
AS TO CASE NO. 86-204: PETITION DISMISSED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
AS TO CASE NO. 86-205: REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and BEATTY, JJ., concur in part and dissent in part.

. After the trial court denied ICG’s motion for reconsideration, ICG filed a petition for a writ of mandamus with this Court, requesting that we require the trial court to vacate and set aside the default judgment entered against ICG. The plaintiff, in opposition to the petition, asserted that mandamus was not the appropriate remedy for setting aside a default judgment, arguing that the trial court’s order fixing damages was a final judgment under the provisions of Rule 54(b), A.R.Civ.P., and would, therefore, support an appeal. ICG maintained that mandamus was the proper remedy by which this Court could exercise its supervisory jurisdiction in a case of abuse of discretion by the trial court in denying a motion to vacate a default judgment.
This Court determined that the trial court had failed to make an appropriate order pursuant to Rule 54(b) when it entered the default judgment against ICG. The cause was remanded to the trial court and a Rule 54(b) order was entered. This Court then determined that, because a final judgment which would support an appeal had been entered, the petition for a writ of mandamus was due to be dismissed. See Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala. 1985).

. For the sake of clarity, we note that Elliott was decided before the adoption of the 1984 amendment to Rule 55(c); thus, the trial court, not having ruled on the defaulting party’s Rule 55(c) motion within 30 days of the entry of the default judgment, was acting pursuant to the standard applicable under Rule 60(b). Therefore, the statements in Elliott that are hereby overruled are dicta.