MADDOX, Justice
(concurring, in part; dissenting, in part).
I agree that the defendant’s petition for writ of mandamus to require the trial judge to set aside the entry of a default judgment in this case is due to be dismissed, and I agree that on appeal the judgment of the trial court must be reversed insofar as it awarded the plaintiff $500,000, but I must respectfully dissent as to that aspect of the opinion which holds that the trial court abused its discretion in refusing to set aside the default judgment it had entered against this defendant insofar as the question of liability is concerned.
The Court concludes that certain statements in this Court’s case of Elliott v. Stephens, 399 So.2d 240 (Ala.1981), are in *1289 correct, and the majority not only overrules that case, but establishes a rule of appellate review of a trial judge’s ruling on a motion to set aside a default judgment that I consider to be contrary to the rule that has been applicable to default judgments, both before the adoption of the Rules of Civil Procedure and subsequent thereto. The majority states the rule as follows: “The court may also set aside a judgment by default.”
I am fully aware that the principal considerations in determining whether a particular defendant has shown that he is entitled to have a default set aside are (1) whether the defendant has intentionally flouted the judicial process, (2) whether the plaintiff would be prejudiced if the default is set aside, and (3) whether the defendant has presented a meritorious defense. However, I believe the Court here has misapplied the law regarding element (3).
In this case, it is apparent that the failure of the defendant to respond was because of the neglect of defendant’s counsel, and maybe the majority’s result is based upon the premise that a failure to file a responsive pleading is not sufficient to support the entry of a default judgment, and maybe I should concur with that judgment, but I am deeply troubled by the statement in the majority opinion that a “movant [who] presents a reasonable explanation for [his] delay in filing an appearance and has shown a meritorious defense to the claim” is entitled to have a default judgment set aside. I believe this rule effectively eliminates the language of Rule 55, which states that it is in the trial court’s discretion to set aside a default.
I am quite aware that default judgments are not favored by the courts. I stated that principle in Elliott v. Stephens, 399 So.2d 240 (Ala.1981). I am also aware that a default judgment should not be granted when there is doubt as to the propriety of a default judgment. Oliver v. Sawyer, 359 So.2d 368 (Ala.1978). This Court should not reverse the judgment of the trial court unless there was an abuse of discretion.
“The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly abused such discretion. Elliott v. Stephens, 399 So.2d 240 (Ala.1981). After a careful review of the record we find no such abuse. Further, a defaulting party seeking to have a default judgment set aside, either under Rule 55(c) or Rule 60(b), Alabama Rules of Civil Procedure, must allege and prove that he has a meritorious defense to the action. Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960); AAA Sewing Machine Company v. Shelby Finance Company, Inc., 384 So.2d 126 (Ala.Civ.App.1980). No defense was set forth by defendant Roberts in either his motion or his supporting affidavits.” (Emphasis added.)
Roberts v. Wettlin, 431 So.2d 524, 526 (Ala.1983).
The facts of this case show that the trial judge could have found that ICG was served on August 2, 1986, and that its agent promptly notified the central office in Illinois, and that the central office immediately mailed the complaint to the attorney for ICG in Birmingham, and that the complaint was received in its attorney’s office on August 16, 1986, but that the attorneys failed to answer the complaint within 30 days.
I would also point out that, even assuming that the trial court considered the motion to set aside the default as one filed pursuant to Rule 60(b), I would reach the same result in this case. This Court, in refusing to set aside an entry of default, recently stated in Surette v. Brantley, 484 So.2d 435, at 435-36 (Ala.1986):
“Rule 60(b), Ala.R.Civ.P., is ah extreme remedy to be used only under extraordinary circumstances. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981). The relief pursuant to Rule 60(b) is a matter within the discretion of the trial court, subject to revision only upon an abuse of that discretion. Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala.1978). A defaulting party seek *1290 ing under Rule 60(b) to have a default judgment set aside must prove one of the grounds for relief set out in the rule, and must allege and prove a meritorious defense to the action. American Home Assurance Company v. Hardy, 378 So. 2d 710 (Ala.1979).” (Emphasis added.)
This Court, in Elliott v. Stephens, supra, stated that this Court has the same discretion in deciding whether to grant or deny a default judgment under Rule 60(b) as it has under Rule 55(c). I realize that the majority now overrules that case, but the majority does not deal with the standard of review set out in Roberts v. Wettlin, supra.
I am of the opinion, because I find that the trial court correctly held a hearing and ruled on the Rule 55(c) motion, and because I find that there was no abuse of discretion in the trial court’s refusal to set aside the default judgment, that the entry of a default judgment on the question of liability in this case should be affirmed; therefore, I dissent as to that aspect of the opinion.
Applying the rule of Roberts, and based on all the facts and circumstances of this case, I do not believe that the movant has shown that the trial judge “clearly abused his discretion.” Clearly, a movant should be allowed to meet the burden of showing a clear abuse, based upon “a reasonable explanation for [his] delay,” as held by the majority.
I recognize that the majority has coupled its standard of “reasonable explanation” with a requirement that the movant show a meritorious defense, but even the coupling of these two requirements fails to convince me that the trial judge “clearly abused” his discretion in this case. Roberts v. Wettlin, 431 So.2d 524, 526 (Ala.1983).
In its initial motion to set aside the default judgment, ICG claimed that it was entitled to have the default judgment set aside “on the grounds that ICG’s default is excused by reason of excusable neglect, and that ICG has a meritorious defense of this cause as set forth in the answer [previously] filed by ICG.” Attached to the motion was an affidavit of ICG’s counsel, in which he set out many of the facts contained in the trial judge’s order, and in a section entitled “ICG’s Defenses,” stated, in part, as follows:
“4. In accordance with the complaint, the death of plaintiff’s decedent emanated from an automobile accident when the vehicle in which plaintiff’s decedent was a passenger sustained a collision involving a bridge on County Road # 66 in Marion County. The complaint contains two counts. Plaintiff alleges in Count I that the ‘accident occurred as a direct and proximate result of the negligent and/or wanton fashion with which the Defendant Guy Wayne Jenkins operated said vehicle.’ No claim is made against ICG in Count I. In Count II, plaintiff alleges that the ‘accident occurred as a direct and proximate result of negligent and/or wanton conduct on the part of the Defendants, Marion County Commission, Illinois Central Gulf Railroad Co.’
“5. The undersigned was advised by ICG on September 12, 1986, that the bridge referred to in plaintiffs complaint is owned and maintained by ICG. ICG has no ownership in or control over the public road which abuts each end of the bridge. ICG has never installed or maintained, or been requested to install or maintain, traffic control signs relating to the bridge.” (Emphasis added.)
ICG’s counsel attached to his affidavit a copy of an accident report prepared by investigating officer R.J. Thomas. A copy of that accident report is attached to this special opinion as Appendix A.
ICG’s counsel also attached several photographs of the accident scene. Twelve of those photographs, made the day after the accident, and taken from points 500, 400, 350, 300, 200, 150, 100, 80, 75, 60, 40, and 20 feet west of the bridge, were also attached to the motion to set aside the default. The other photographs were of the bridge, the accident scene, and the vehicle itself. ICG’s counsel concluded in his affidavit that “the accident occurred as a proximate result of the fashion in which the vehicle was being operated on the occasion of the accident.” Counsel also stated that “[t]he pictures illustrate the condition, de *1291 sign and construction of the bridge and illustrate that all features and characteristics of the bridge are open and obvious.”
The majority concludes that the defendant has a meritorious defense, but based on the evidence that was before the trial judge at the time he was requested to set aside the default judgment, I cannot conclude that the trial judge “clearly abused his discretion” in refusing to set the default judgment aside on the issue of ICG’s liability. The pictures and the accident report illustrate that ICG owned and maintained a one-lane wooden bridge over its tracks, and that a motorist approaching the bridge from the west on the two-lane asphalt road would have to negotiate a curve in order to traverse this one-lane bridge. The accident report also indicates that the speed limit at the accident scene was 55 mph, and that the estimated speed of the driver was 50 mph. Even though counsel, in his affidavit, states that the condition of the bridge was “open and obvious,” I cannot conclude that the trial judge would have clearly abused his discretion in finding that the condition of the bridge was not open and obvious. The trial judge could have found that the pictures themselves showed that a view of the bridge was somewhat obstructed by trees.
I am aware that there was evidence presented to the trial judge in a subsequent “motion to set aside default judgment and for reconsideration of the court’s order entered October 8, 1986” that the driver of the vehicle may have been exceeding the speed limit. The accident report does not so indicate. I am also aware that ICG presented evidence in connection with this second motion that it was not negligent in the maintenance of the bridge, and that there had not been a previous accident at the bridge. I would point out, however, that the deceased was a passenger in the vehicle, not the driver; therefore, there is some question of the imputation of the driver’s negligence to him.
I recognize that suit papers can get misplaced, and sometimes these errors are recognized by counsel representing the other side of the case and are accepted as mistakes.
Other trial judges, based upon these same facts, may have granted the motion, but as I view my role as an appellate judge, I am not at liberty to regulate a trial judge except when it is Shown that he has “clearly abused his discretion.” Roberts v. Wettlin. Because I believe the majority has adopted a new and different standard of appellate review in this case, and has incorrectly concluded that the trial court abused its discretion in refusing to set aside the default judgment, I must respectfully dissent as to that aspect of the opinion which holds to the contrary. Of course, I agree that the majority correctly holds that there is “no basis for reversal with respect to any of [the movant’s] first four claims of error.”
Based on the foregoing, I concur in part, but I must respectfully dissent in part.
BEATTY, J., concurs.
*1292 APPENDIX A
[[Image here]]
*1293 [[Image here]]